ANTONIA SIEGWALD

*v.*

ANTON SIEGWALD.

1. WILLS—*construction thereof—effect of words of limitation upon a prior devise in fee.* A will contained this clause: "I give and bequeath to my beloved wife, Antonia, all my real and personal estate, wherever situated, in fee simple absolute forever , that is to say,—that my said wife shall have all of the benefits thereof, until the expiration of her life, at which time my son, Anton, shall be the only heir of real or personal estate, what may be left." *Held*, that the wife took only an estate for life in the real estate, and remainder in fee to the son.

2. This is not like a case of a devise in fee, with a power of sale, and a subsequent limitation over; but in this case, the testator not only makes an executory devise of the estate at the death of his wife, to his son, but he expressly limits the enjoyment of the property to her benefit until the termination of her life. She is given no power of sale of the real estate.

3. IN A DEED THE RULE WOULD BE DIFFERENT. Had this been a deed there can be no question that the limitation would have been void, as repugnant to the fee previously granted.

4. LIMITATION OVER, BY DEED OR WILL. It is a plain and primary rule that a fee cannot be limited upon a fee, by deed, but may by an executory devise.

WRIT OF ERROR to the Recorder's Court of the city of Chicago; the Hon. EVERT VAN BUREN, Recorder, presiding.

On the 13th day of October, 1862, David Siegwald died seized in fee simple of certain real estate, of the alleged value of about thirteen thousand dollars. Prior to his death, the said David had made and published his last will and testament, as follows :

Know all men by these presents, that I, David Siegwald, of the city of Chicago, county of Cook, and State of Illinois, being of sound mind and memory, do hereby make, publish and declare this my last will and testament, in manner following :

1st, I give and bequeath unto my beloved wife, Antonia, all my real and personal estate wheresoever situated in fee simple and absolute forever, that is to say, that my said wife shall have all the benefits thereof, until the expiration of her life, at which time my son, Anton, shall be the only heir of real and personal estate, what may be left.

2d, I do hereby appoint my said wife executrix of this my last will and testament, and also guardian of my child, Anton, until he becomes of age.

In witness whereof, I have hereunto set my hand and seal, this 30th day of September, in the year of our Lord one thousand eight hundred and sixty-two.

The will was duly proven and admitted to record, and on the 15th of November, 1862, letters testamentary were issued to the executrix named therein.

The devisee, Antonia Siegwald, widow of the testator, being about to sell and convey the real estate for the purpose of paying off an incumbrance upon the same, which was created in the life time of the testator, and claiming to own such real estate in fee simple absolute by virtue of the terms of the will, Anton Siegwald, son of the testator, who was still a minor, exhibited his bill in chancery in the court below, by his next friend, setting forth the foregoing state of things, and insisting that the said Antonia, by the terms of the will, acquired only a usufructuary interest in the said

real estate, during the term of her natural life, and that the fee simple title thereto was, by the terms of the will, vested in him, the complainant, subject only to the life estate of said Antonia.

He prayed that the will might be so construed, and the said Antonia enjoined and restrained from selling or disposing of the said real estate.

The defendant demurred to the bill, and in showing cause of demurrer, contended for a different construction of the will,—that by its terms the fee simple title to the real estate became vested in her.

The court overruled the demurrer, and the defendant electing to abide by the same, an injunction was ordered in accordance with the prayer of the bill, and the defendant was decreed to pay the costs. She thereupon sued out this writ of error, and now questions that ruling of the court.

Mr. EDMUND JUSSEN for the plaintiff in error :

The question, whether or not the Recorder's Court of the city of Chicago, erred in overruling the demurrer filed to the bill of complaint in this cause depends solely upon the construction of the will set out in the said bill.

The only point of controversy is, whether the will in question gives to the plaintiff in error a fee simple in the real estate mentioned in the bill of complaint, or only a life estate.

The controlling clause in the will reads as follows :—"I give and bequeath unto my beloved wife, Antonia Siegwald, all my real and personal estate, wheresoever situated, in fee simple, absolute forever, that is to say, that my said wife shall have all the benefits thereof until the expiration of her life, at which time my son, Anton, shall be the only heir of real or personal estate, what may be left."

There can be no doubt that this will devises to the plaintiff in error an estate in fee simple, and that the last part of the above clause, which contains a devise over to the son, Anton,

is inoperative and void, because it is repugnant to the first part of said clause, which in clear and distinct terms gives an estate in fee simple.

In *Jackson* v. *De Lancy*, 13 Johns., 552, the court held that the devise to Lady Sterling was of "all the real and personal estate whatsoever," that the word estate here carried a fee, and that the further provision in the will, that, if she died, without giving, devising, selling or assigning it, etc.," the estate should go to his daughter, Catharine Duer, was not a good limitation by way of executory devise, as such a limitation was repugnant to the power to sell, and consequently void.

The same doctrine was laid down in *Jackson* v. *Bull*, 10 Johns., 19, and *Ide* v. *Ide*, 5 Mass. (Tyng,) 504.

It cannot be successfully argued that the last part of the clause in question, commencing with the words, "that is to say" qualifies and explains the first part of said clause to such an extent as only to give the plaintiff in error a life estate in spite of the express terms devising a fee simple.

The intention of the testator was doubtless to give to his wife the power to dispose of the personal and real estate during her life. This intention he expresses when he says, "that she shall have *all the benefit* thereof during her life," and this intention becomes more clear and explicit, when he provides that at the expiration of the life of his wife, his son, Anton, should be the only heir of the real or personal estate, *which might be left*. If the testator's intention had been to devise only a life estate to his wife, she of course would take only a usufructuary interest, and *all* the real and personal estate *would be left* at the time of her death.

In the case of *Ide* v. *Ide*, 5 Mass. (Tyng,) 504 and 506, the court held, "That the limitation over was not of the estate devised to P., but of *what estate devised to him he should leave*. That from this expression it seemed very clear, that the testator, after having devised an express fee simple to P., intended also, that he should have an unqualified power to
28

dispose of it at pleasure, and if he should dispose of the whole, there would be nothing left subject to the executory limitation, and that the limitation over was void. Parsons, Ch. J.

The same doctrine is held in the case of *Attorney General* v. *Hall*, Fitzg., 314.

Such construction is to be given to the words of a will, as to effectuate such estate, as comports with the intention of the testator, provided such construction is consistent with the rules of law, and in all cases upon this subject, where the proper technical terms have not been used, the question is, What is the intention of the testator? Reeve on Domestic Relations, 487.

If the will devises a fee simple to the plaintiff in error, the court erred in overruling the demurrer and in ordering that an injunction issue, and in rendering judgment for costs against the plaintiff in error, as all the rights which the defendant in error claims are based upon the supposition that the will gives only a life estate to the plaintiff in error.

Mr. James H. Knowlton for the defendant in error.

Mr. Chief Justice Walker delivered the opinion of the court:

The bill in this case was filed for the purpose of restraining plaintiff in error from selling certain real estate described in the bill. The whole controversy arises on the construction of the last will of David Siegwald, from whom both parties claim title. The clause of the will under which the question in dispute arises, is this: "I give and bequeath to my beloved wife, Antonia, all my real and personal estate wheresoever situated, in fee simple absolute forever, that is to say, that my said wife shall have all of the benefits thereof, until the expiration of her life, at which time my son, Anton, shall be the only heir of real or personal estate, what may be left." He then appoints his wife executrix of the will. The bill alleges that the will was

proved and duly admitted to record in the proper office and that letters testamentary were duly granted by the probate court.

It is also alleged in the bill that plaintiff in error was about to sell the real estate and to convey the same in fee simple absolute. That the property proposed to be sold was worth near thirteen thousand dollars, and was incumbered by the testator in his life time to the amount of about three thousand dollars, which still continued on the premises, and that one of the objects of the sale was to pay the incumbrance. Complainant insists that by the terms of the will, defendant has only a life estate in the premises, and that the fee simple estate is vested in him, subject only to her life estate. The bill prays an injunction to restrain the sale of the premises. To this bill a demurrer was filed, and on the hearing it was overruled and an injunction decreed restraining plaintiff in error from selling the property; to reverse which, this writ of error is prosecuted.

Had the devise contained no language designed to operate as a limitation, the will would have been free from all difficulty. The first clause unaffected by the words of limitation, unquestionably vested a fee simple absolute, and plaintiff in error insists that they are repugnant to the devise, and are, therefore, inoperative, and leaves an estate in fee in the devisee, and not a life estate. Wills, like all other instruments, must be so construed as to effectuate the intention of the testator, and that intention must be ascertained from the language employed in the instrument itself. And in arriving at the intention, all of the language employed must be considered. It seems to be evident that the testator did not intend to devise to his widow a fee simple absolute, otherwise he would not have added the limiting clause. Had that been the intention, he had fully accomplished the purpose without employing the latter clause; but when he did so, it must have been to limit or qualify the estate already devised.

By the limiting clause, the testator declares that she shall only have the benefit of the estate until her death. This

would seem to manifest the intention only to devise a life estate, as all would have admitted had he not in the previous clause declared that she should take "in fee simple absolute forever." It may be that he designed to devise to her a contingent fee depending upon the survivorship of herself and the son. That in the event of the death of the son, she surviving him, she should have the fee, but in case of her death before that of the son, he should take the fee; and until that was determined, that she should use and enjoy the benefit of all the property. And it is altogether probable, that this language that the son should be the heir to what might be left at her death, had the devise not embraced goods and chattels, would have been different. Had it related to land alone, different language would probably have been employed.

We are, however, of the opinion that the design was to give the widow simply a life estate in the property, in remainder over to the son. But the personal property being perishable in its nature, and generally of that character that it must be used or consumed to be enjoyed, he only provided that the son should take such portion as remained at her death. Hence the language employed in the will. We think that this is the most reasonable construction that can be applied to the whole clause when considered together. To adopt the construction contended for by the plaintiff in error, we must reject the whole of the qualifying words of the devise, and this we are not at liberty to do unless when considered, the provision is repugnant to the law, and contravenes its rules or policy. Then does this devise, limited as a life estate to the widow, in remainder to the son, contravene any rule of law, as it clearly does not its policy? We are referred by plaintiff in error to the case of *Jackson* v. *De Lancy*, 13 Johns., 537, as an authority which supports the position that she took a fee simple estate notwithstanding the limitation over. The court there said there was no disability on the part of Lady Sterling as she owned the whole estate in fee. The devise to her, was of "all the real and personal

estate whatsoever, etc.," and the court say that the word *estate* carried a fee, and the further provision in the will, that if she died "without giving, devising, selling or assigning it, etc," the estate should go to his daughter, Catharine Duer, was not a good limitation by way of executory devise, as such a limitation was repugnant to the power to sell, and, consequently void.     The case of *Jackson* vs. *Bull*, 10 Johns., 19, is referred to in support of the opinion of the court which announces the same rule.

It will be observed, that in these cases, an express power to sell is given, or language employed from which the law implies the power.     In the first case referred to, the limitation is upon the condition that the first taker should not give, devise, sell or assign the property during her life.     In the latter the property was devised to the son, his heirs and assigns.     The case of *Ide* v. *Ide*, 5 Mass., 500, was a devise to a son of the testator in fee, with devise over, in case the devisee should die without issue.     The court there held that the limitation was repugnant to the devise, and that an absolute estate vested in the first devisee, which was not divested by his dying without issue ; considerable stress is placed upon the fact that the devise over, was of whatever estate he might have at his death without lawful heirs from which the court inferred, that it was the intention of the testator to give full power to dispose of the property, which he did in his life time.

In the case at bar, however, the testator not only makes an executory devise of the estate at the death of his wife, to his son, but he expressly limits the enjoyment of the property to her benefit until the termination of her life.     Had this been a deed, there can be no question that the limitation would have been void as repugnant to the fee previously granted. But the entire clause is contained in one sentence, and he nowhere, in terms, gives power to sell the property.     It is true that he gives to his son, after the death of his wife, what may be left of the real and personal property.     But he no doubt knew that the personal property would not remain

until the period arrived when the limitation over should take effect.

Again, it is a plain and primary rule that a fee cannot be limited upon a fee, by deed, but may by an executory devise. And when it appears that such was the testator's intention it is the duty of the courts to give it operation. And that such was the testator's intention in this case, we are no doubt fully warranted in holding as it does appear that he only intended to devise to his wife a life estate, or the use of the property until her death, and then in fee to the son.

The decree of the court below is therefore affirmed.

*Decree affirmed.*