EDWIN A. EWING

*v.*

WILLIAM A. BARNES *et al.*

*Filed at Springfield April 2, 1895.*

1. WILLS—*devise of fee cannot be limited by subsequent provision.* A devise to a person named "and his heirs," under the rule in *Shelley's case,* gives him a fee, which cannot be limited by a subsequent provision that in case of his death without heirs of his body the property shall pass to other persons in fixed proportions.

2. SAME—*when devisee may maintain a bill to construe will.* A devisee under a will giving him a fee in one clause and by a subsequent clause attempting to create a limitation over in case of his death without heirs of his body, is entitled to maintain a bill in equity to construe the will, especially where those in whose favor such limitation is attempted are claiming an interest in the land under the will.

APPEAL from the Circuit Court of Macon county; the Hon. EDWARD P. VAIL, Judge, presiding.

CREA & EWING, J. J. FINN, and W. C. JOHNS, for appellant:

The words "to the said Edwin Albert Ewing, and to his heirs and assigns forever," create a fee simple estate, under the rule in *Shelley's case.* This rule is established in this State, and is a rule of property. *Brisbain* v. *Wilson,* 63 Ill. 173; *Baker* v. *Scott,* 62 id. 87; *Butler* v. *Huestis,* 68 id. 599; *Ryan* v. *Allen,* 120 id. 648; *Wolfer* v. *Hemmer,* 144 id. 555; *Wicker* v. *Ray,* 118 id. 473; *Lynch* v. *Swayne,* 83 id. 336; *Hageman* v. *Hageman,* 129 id. 164.

"Death without heirs of his body" will be construed to mean death without heirs of the body during the life of the testator, or during the existence of a prior life estate, or during minority or other time indicated by the will, but not death at any time, where a fee simple is given in clear and absolute language in another part of the will. *McCormick* v. *McElligott,* 127 Pa. St. 230; *Stevenson* v. *Fox,* 125 id. 568; *King* v. *Frick,* 135 id. 575; *Waugh's Appeal,* 78 id. 436; *Mickley's Appeal,* 92 id. 514; 2 Jarman on Wills, 752; *Quackenbos* v. *Kingsland,* 55 Am. Rep. 771; *Williams* v. *Hubbard,* 2 Root, 191; *Johnes* v. *Beers,* 57 Conn. 295; *In re Railroad Co.* 105 N. Y. 89; *Livingston* v. *Green,* 52 id. 118; *Briggs* v. *Shaw,* 9 Allen, 516.

Words and phrases will be supplied, transposed or rejected, in the construction of a will, where the same is necessary to effectuate the evident intention of the testator. *Jackson* v. *Hoover,* 26 Ind. 521; *Rathbone* v. *Dickman,* 3 Paige's Ch. 9; *Carter* v. *Bloodgood,* 3 Sandf. Ch. 293; *Pond* v. *Burg,* 10 Paige's Ch. 140.

Where the granting clauses of a will confer an estate in fee simple, subsequent clauses cannot lessen the degree of the estate unless the intention is clear and distinct so to do, because such change is a violation of the rules of property. *Bowen* v. *Bowen,* 87 Va. 438; *Stevenson* v. *Fox,*

125 Pa. St. 568; *King* v. *Frick*, 135 id. 575; *Hall* v. *Palmer*, 87 Va. 354; *Bills* v. *Bills*, 80 Iowa, 269; *Phelps* v. *Bates*, 54 Conn. 11; *Wolfer* v. *Hemmer*, 144 Ill. 555; *Baker* v. *Scott*, 62 id. 87.

The rule in *Shelley's case* is a rule of law, and not of construction. Where the language used in the instrument brings the case within the rule, the fact that it was the intention of the grantor or devisor that the rule should not operate is of no importance. 22 Am. & Eng. Ency. of Law, 495, *et seq.*

Buckingham & Schroll, J. C. Hostetler, and Outten & Page, for appellees:

We call the attention of the court to the following authorities as to construction of wills : *Siddon* v. *Cockrell*, 131 Ill. 653; *Lunt* v. *Lunt*, 108 id. 307; *Updike* v. *Tompkins*, 100 id. 406; *Banta* v. *Boyd*, 118 id. 188; *Dickison* v. *Dickison*, 138 id. 541; *Walker* v. *Pritchard*, 121 id. 233; *Rountree* v. *Talbot*, 89 id. 246; *Summers* v. *Smith*, 127 id. 648.

It is only when the whole will, taken together, shows a clear purpose on the part of the testator to give an absolute power of disposition to the first taker, that the limitation over is held void; and it is equally well established that an estate may be devised to one in fee simple or fee tail with a limitation over by way of executory devise. 20 Am. & Eng. Ency. of Law, 922; 4 Kent's Com. 292; *Ackless* v. *Seekright*, Breese, 78; *Siegwald* v. *Siegwald*, 37 Ill. 430; Tiedeman on Real Prop. sec. 542; *Summers* v. *Smith*, 127 Ill. 650; *Welsch* v. *Savings Bank*, 94 id. 203; *Howard* v. *Carusi*, 109 U. S. 730; *Hamlin* v. *Express Co.* 107 Ill. 448.

The general rule is stated in Jarman on Wills (5th Am. ed. 783) to be : "Where the context is silent, the words referring to the death of the prior legatee, in connection with some collateral event, apply to the contingency happening as well after as before the death of the testator." *Smith* v. *Kimbell*, 153 Ill. 368; *Summers* v. *Smith*, 127 id. 650; *Britton* v. *Thornton*, 112 U. S. 533; 3 Jarman on Wills, 640, *et seq.*; Schouler on Wills, sec. 564.

Mr. JUSTICE BAILEY delivered the opinion of the court:

This was a bill in chancery, brought by Edwin A. Ewing, one of the devisees named in the will of John Rucker, deceased, against the executors, heirs and other devisees of the testator, praying that the will be construed as vesting in the complainant an absolute estate in fee simple in and to the lands thereby devised to him, and enjoining the defendants from setting up any claims or pretences of title thereto. The bill, on demurrer, was held to be without equity, and a decree was entered dismissing it at the complainant's costs. To reverse that decree the complainant has appealed to this court.

John Rucker died July 19, 1872, leaving a last will and testament, bearing date February 7, 1871. By the first clause of the will he gave to his wife, Elizabeth Rucker, the use, enjoyment, rents and profits of all his real estate situate in the city of Decatur, during her natural life; also, the use and control of all his moneys, notes and other evidence of indebtedness, the principal sums to be kept at interest, the interest only to be used and enjoyed by her for her sole benefit; and he also gave to her, absolutely, his other personal property, consisting of household goods, reserving, however, sufficient money to pay his debts and funeral expenses.

By the second clause the testator devised to his son, James C. Rucker, certain tracts of land in Macon county particularly described, "to have and to hold unto the said James C. Rucker, and to his heirs and assigns forever, all the aforesaid real estate," with a proviso that if the purchaser to whom the testator had sold one of the tracts so devised, and for which he held the testator's title bond, should pay for the same, the devisee should have the price in lieu of the land itself ; and he also gave to James C. Rucker a certain promissory note for $900, secured by a mortgage.

By the third clause he devised to his granddaughter, Arminda J. Eldridge, certain lots in the city of Decatur,

"to have and to hold the said last described real estate unto the said Arminda J. Eldridge, and to her assigns forever, subject, however, to the life estate of my wife, Elizabeth, as provided in the first clause of this will."

By the fourth clause the testator devised to his great-grandson, Edwin Albert Ewing, certain lots in the city of Decatur particularly described, "to have and to hold all the last described real estate to the said Edwin Albert Ewing, and to his heirs and assigns forever," provided that the testator's wife should have and hold the same, and have the rents and profits thereof during her natural life, according to the first clause of the will. He also devised to Edwin Albert Ewing a certain tract of land which he had sold, with a proviso that in case the purchaser should pay for the same the price should go to the devisee in lieu of the land; also certain lots in Decatur upon which the testator held mortgages, with the proviso that in case of redemption from the mortgages the redemption money should go to the devisee in lieu of the land, the lots in Decatur, however, to be taken by the devisee subject to the life estate of the testator's widow, "and upon her death the title thereof is to vest in the said Edwin Albert Ewing, his heirs and assigns forever." And the fourth clause then proceeds as follows:

"I hereby give, bequeath and devise all the residue of my estate, both real and personal, except what has been given to my wife, Elizabeth, upon my death, to my son, James C. Rucker, and my granddaughter, Arminda J. Eldridge, and my great-grandson, Edwin Albert Ewing, my son, James C. Rucker, to take one-half thereof to him and his heirs forever, and Arminda J. Eldridge and Edwin Albert Ewing each to take one-fourth thereof to them and their heirs forever; and upon the death of my wife, Elizabeth, I give and bequeath to my son, James C. Rucker, the one-half of the estate to be held by her during her natural life, and to said Arminda J. Eldridge and

Edwin Albert Ewing each one-fourth part of the estate so to be held by my wife during her natural life."

The remaining clause of the will, upon the proper construction of which the present controversy mainly depends, is as follows:

"In case of the death of Edwin Albert Ewing without heirs of his body, all the property bequeathed and devised to him in this will is to go to and vest in, upon his death without issue, James C. Rucker and Arminda J. Eldridge, said James C. Rucker and his heirs to take two-thirds thereof and the said Arminda J. Eldridge and her heirs to take the one-third thereof; and all said property, both real and personal, is given to him upon that express condition, and upon the further condition that the executors of this will, and their successors in office, shall have the control of all the property, both real and personal, given to said Edwin A. Ewing, until he shall arrive at the age of twenty-five years, when the title shall vest in him absolutely, and until the age of twenty-five years he shall enjoy the interest and all the rents and profits of said property. I hereby appoint James C. Rucker and Edwin R. Eldridge executors of this my last will and testament."

The bill alleges that Elizabeth Rucker, the widow of the testator, died November 5, 1882, and that James C. Rucker, the testator's son and one of the devisees named in the will, died intestate April 5, 1873, leaving the complainant, who is his grandson, one of his heirs-at-law; that the complainant is now over twenty-five years of age, and is married, but has no children; that in 1883 a bill was filed for the partition of the real estate owned by James C. Rucker at the time of his death, and that in that proceeding a decree was entered under which the lands sought to be partitioned were sold, and the share of the proceeds thereof coming to the complainant were paid over to certain trustees appointed by the court to take charge of and control all the interests of the com-

plainant in the lands devised by the will of John Rucker, subject to the conditions in the will expressed, but that since the complainant arrived at the age of twenty-five years the trustees have settled with him for the rents, issues and profits of the lands controlled by them, and for moneys received by them from other sources arising from the will of John Rucker, and have paid the complainant, and discharged in full their obligations. to him as trustees.

The bill further alleges that the complainant now claims that by virtue of the will of John Rucker, deceased, he is the owner in fee simple of the several tracts of land thereby devised to him, but that the other parties claiming as devisees under the will, or as heirs-at-law of John Rucker or of James C. Rucker, deceased, insist that under the will of John Rucker the complainant is seized of only a conditional fee in the lands, and that his title thereto will not become absolute until the birth of children to him and his wife, and that in consequence of such unfounded claim he is deprived of the right to manage and control his estate absolutely, as an estate in fee simple, and is unable to sell, make disposition of or improve the same.

By the fourth clause of the will, as has been seen, the lands in question in this suit were devised to the complainant and "his heirs." There is no pretence or ground for pretence that the word "heirs" was used in the devise in any other than its ordinary meaning,—that is to say, as descriptive of. those persons, whoever they may be, upon whom the law, upon the death of the ancestor intestate, would cast the·inheritance, thus including all possible heirs, to take in succession, from generation to generation, under the name of heirs of the ancestor. Such being the terms of the devise, by the rule known as the rule in *Shelley's case*, which we have repeatedly held is in force in this State, the estate devised to the complainant must be held to be in fee. This rule and

its application have been so fully discussed and settled
by the repeated decisions of this court that further con-
sideration of it is quite unnecessary, it being sufficient,
on this point, to merely refer to the cases in which the
rule has been recognized and applied: *Baker* v. *Scott*, 62
Ill. 86; *Brislain* v. *Wilson*, 63 id. 173; *Beacroft* v. *Strawn*, 67
id. 28; *Butler* v. *Huestis*, 68 id. 594; *Wicker* v. *Ray*, 118 id.
472; *Ryan* v. *Allen*, 120 id. 648; *Carpenter* v. *Van Olinder*,
127 id. 42; *Hageman* v. *Hageman*, 129 id. 164; *Griswold* v.
*Hicks*, 132 id. 494; *Fowler* v. *Black*, 136 id. 363; *Wolfer* v.
*Hemmer*, 144 id. 554; *Vangieson* v. *Henderson*, 150 id. 119.

This rule has become a rule of property, and it is held
to override even the expressed intention of the testator
that it shall not operate, or, rather, as was said in *Fowler*
v. *Black, supra*, "it raises a conclusive presumption that
where a devise or grant is made to a man and his heirs,
the testator or grantor intends to use the word 'heirs' as
a word of limitation, and not of purchase." It is doubt-
less the ordinary rule that in construing a will the pri-
mary consideration is the ascertainment of the intention
of the testator; that for the purpose of ascertaining such
intention all parts of the will and all of its language are
to be considered, and that when such intention is once
ascertained it will be given effect. Still, a recognized
exception to the rule is made where the expressed inten-
tion of the testator is violative of a settled rule of law.
Thus, where a devise is made to a man and his heirs,
neither the expressed intention that the devisee shall
have an estate for his life and no longer; nor, secondly,
that he shall have only an estate for life in the premises,
and after his decease it shall go to the heirs of his body,
and, in default of such heirs, vest in the person next in
remainder, and that the devisee shall have no power to
defeat the intention of the testator; nor, thirdly, that
the devisee shall be a tenant for life and no longer, and
that it shall not be in his power to sell, dispose of or
make away with any part of the premises,—will change

the word "heirs" into a word of purchase. 1 Preston on Estates, 363; *Carpenter* v. *Van Olinder, supra; Fowler* v. *Black, supra.*

The controversy in this case grows out of the provisions of the last clause of the will. By that clause an attempt is made by the testator to impose two conditions or limitations upon the fee simple estate devised to the complainant by the fourth clause, and the only questions presented by the record are as to the legal effect of those conditions. The second condition seems to have been completely performed, and so is no longer operative. It was to the effect that the executors named in the will, and their successors in office, should have the control of all the property, both personal and real, devised and bequeathed to the complainant, until he should arrive at the age of twenty-five years, and that on his arriving at that age the title should vest in him absolutely. Whether this condition was valid or not is now wholly unimportant, since the complainant reached the age of twenty-five years before his bill was filed, and the trustees, who seem to have been appointed as the successors of the executors, had, as the bill admits, handed over to him the property held by them in trust and had made full settlement with him in relation thereto. There can be no doubt that the complainant now holds and is in the enjoyment of the same estate in the lands in controversy that he would have had if no such condition had been imposed.

The question then is as to the validity and effect of the other condition, viz., that in case of the death of the complainant without heirs of his body the property devised and bequeathed to him shall go to and vest in James C. Rucker and Arminda J. Eldridge, in certain fixed proportions. This is clearly an attempt, after vesting the fee in the complainant, to create a limitation in the nature of a contingent remainder or of an executory devise. Such limitation, being clearly incon-

sistent with the devise in fee, can not be sustained. This result clearly follows from the doctrine laid down by Chancellor Kent, (4 Com. 270,) and adopted by this court in *Wolfer* v. *Hemmer, supra,* as follows: "If, therefore, there be an absolute power of disposition given by the will to the first taker, as, if an estate be devised to A in fee, and if he dies possessed of the property without lawful issue, the remainder over, or remainder over of the property which he, dying without heirs, should leave, or without selling or devising the same, in all such cases the remainder over is void as a remainder, because of the preceding fee. It is void by way of executory devise, because the limitation is inconsistent with the absolute estate or power of disposition expressly given or necessarily implied by the will. A valid executory devise can not subsist under an absolute power of disposition in the first taker."

We are of the opinion, then, that the conditions contained in the last clause of the will are wholly inoperative as imposing any limitations upon the absolute estate in fee simple vested in the complainant by the devise of the lands to him and his heirs, and that his estate is not subject to those conditions. But as the last clause of the will has a tendency to throw doubt and disquietude upon his title, and especially as those in whose favor those limitations were attempted to be imposed are claiming interests in the complainant's lands in derogation of his estate in fee, thereby rendering it impossible for him to fully enjoy his estate as an estate in fee, he is entitled to call upon a court of equity to construe the will and thus quiet his title. The decree of the circuit court sustaining the demurrer and dismissing the bill is erroneous, and it will therefore be reversed, and the cause will be remanded to the circuit court, with directions to enter an order overruling the demurrer, and for further proceedings not inconsistent with this opinion.

*Decree reversed.*