3:36 LRA 193

PHILIP STRAIN

*v.*

NELSON C. SWEENY *et al.*

*Filed at Springfield November 10, 1896.*

1. REAL PROPERTY—*limiting of a fee upon a fee—executory devise.* Although a fee cannot be limited upon a fee by deed, it can be so limited by will, by way of executory devise.

2. PERPETUITIES—*devise contingent upon definite failure of issue does not create.* A devise over of land devised to the testator's son and his heirs, and, in case he shall die without "issue of his body," to the children of another son of the testator, is not contingent upon a general indefinite failure of issue, but is valid, as meaning that in case of the death of the son without issue of his body living at that time the devise over shall take effect.

| 163 | 603 |
| 169 | 461 |
| 173 | 406 |
| 163 | 603 |
| 185 | 269 |
| 163 | 603 |
| 193 | 380 |
| 163 | 603 |
| 195 | 183 |
| 163 | 603 |
| 202 | 287 |
| 163 | 603 |
| 208 | 517 |

WRIT OF ERROR to the Circuit Court of McLean county; the Hon. ALFRED SAMPLE, Judge, presiding.

This is a bill filed to the September term, 1895, of the circuit court of McLean county, by the plaintiff in error against Nelson C. Sweeny, and his two children, Nettie Belle Newton and Cora May Sweeny, defendants in error, mainly for the purpose of construing the will of Joseph Sweeny, deceased, who died on or about December 21, 1871, leaving a will dated November 18, 1871. The defendants answered the bill admitting all the material facts. The parties agree as to the facts as herein stated. The plaintiff in error, who derives title by *mesne* conveyances from Dennis S. Sweeny, one of the devisees named

in the will, to the land therein devised to said Dennis, claims to be the owner in fee of the property in controversy, while the defendants in error contend, that Dennis S. Sweeny took only a determinable fee upon the future event that he should die without issue of his body, in which event the devise as to the heirs of Nelson C. Sweeny was to take effect as an executory devise. The circuit court dismissed the bill, and the present writ of error is sued out for the purpose of reviewing such decree of dismissal.

The first clause of the will of Joseph Sweeny, and that on which the present controversy hinges, is as follows: "I give, devise and bequeath to my son, Dennis S. Sweeny, my homestead situate on the north-east corner of Douglas and Evans streets, in the city of Bloomington, Illinois, except a strip of the land belonging thereto, fifty feet wide, across the east end of my homestead grounds, to him and his heirs forever, but in case he should die without issue of his body, then the same shall go to the heirs of Nelson C. Sweeny, to them and their use forever." By the second clause, the testator gives, devises and bequeaths to his son, Nelson C. Sweeny, one of defendants in error, sixty acres off the west side of a farm owned by him, "to him and his heirs forever." By the third clause, he gives, etc., to his grand-daughter, Margaret Ida Maple, the remainder of said farm and twenty acres besides. By the fourth clause, he gives, etc., to his grand-son, Edwin A. Maple, the strip fifty feet wide reserved from the bequest to his son, Dennis, with certain restrictions upon its alienation, and also all his personal property after payment of his debts, but with a provision that out of his personalty shall be erected by his executors two tombstones not to cost more than $300.00, one at his own grave, and the other between the graves of his wife and daughter. By the fifth clause, he devises to his said grand-daughter a strip of land, being a private road on a certain farm. By the last clause he appoints

his sons, Dennis S. Sweeny and Nelson C. Sweeny, his executors.

It is admitted, that Dennis S. Sweeny is still alive, and, up to the time of filing the answer in this cause, has had no issue of his body; that Nelson C. Sweeny is still alive and is the only qualified executor of the will of Joseph Sweeny; that Nettie Belle Newton, formerly Nettie Belle Sweeny, and Cora May Sweeny are the only children of Nelson C. Sweeny, and were in being at the time of making said will.

J. E. POLLOCK, A. J. BARR, and MAYNE POLLOCK, for plaintiff in error.

OWEN T. REEVES, for defendants in error.

Mr. CHIEF JUSTICE MAGRUDER delivered the opinion of the court:

It is claimed, that Dennis S. Sweeny took a fee simple title to the property devised to him in the first clause of the will, and, in support of this position, reliance is placed upon the recent cases of *Ewing* v. *Barnes*, 156 Ill. 61, and *Silva* v. *Hopkinson*, 158 id. 386. In regard to these two cases we have recently, in the case of *Glover* v. *Condell*, (*ante*, p. 566,) used the following language: "This court has held in a number of cases that, although a fee can not be limited upon a fee by deed, yet it can be so limited by will by way of executory devise. (*Ackless* v. *Seekright*, Breese, 76; *Siegwald* v. *Siegwald*, 37 Ill. 430; *McCampbell* v. *Mason*, 151 id. 500; *Smith* v. *Kimbell*, 153 id. 368; *Palmer* v. *Cook*, 159 id. 300). The case of *Ewing* v. *Barnes*, 156 Ill. 61, so far as it holds to the contrary, is overruled. The language used in *Silva* v. *Hopkinson*, 158 Ill. 386, should be construed as applicable only to the facts of that case, and not as contravening the doctrine of *Siegwald* v. *Siegwald*, *supra*, and the other cases of a like character above referred to."

Undoubtedly the following words in the first clause of Joseph Sweeny's will: "I give, devise and bequeath to my son, Dennis S. Sweeny, my homestead  * * *  to him and his heirs forever," would, if they stood alone, vest in him the fee simple title to the property in question. Since, at common law, a fee cannot be limited upon a fee, the limitation over, contained in the following words: "but in case he should die without issue of his body, then the same shall go to the heirs of Nelson C. Sweeny, to them and their use forever," can only be sustained, if sustained at all, as an executory devise. The only question then is, whether the contingency, upon which the limitation is to take place, is so remote as to make the limitation void.

Do the words referring to the death of Dennis S. Sweeny without issue of his body mean a general, indefinite failure of issue, that is, a failure at the death or at any time afterwards, or do they, when considered in connection with all the other words in the clause in which they occur, import a definite failure of issue. If they can not be construed otherwise than as meaning an indefinite failure of issue, the limitation is void for remoteness, but if they can be construed as importing a definite failure of issue, that is to say, if they can be construed as referring to the death of Dennis S. Sweeny without issue of his body, or children, living at the time of his death, the limitation over is valid as not contravening the rule against perpetuities. (*Smith* v. *Kimbell*, 153 Ill. 368; *Summers* v. *Smith*, 127 id. 645).

The text books lay down the general rule, that, where a devise is to one and his heirs, with a devise over "if he die without issue," or "without having issue," *and with no explanatory words defining the time to which this contingency is to apply*, it will be construed to be a general failure of issue at any time, however indefinite or remote, and which may not therefore happen for many generations. But the decisions upon this subject are exceedingly arbitrary,

and without much foundation in reason or common sense. Hence, courts will seize hold of slight circumstances to give to executory devises a construction, which regards the failure of issue as relating to a definite period of time. (*Smith* v. *Kimbell, supra*). The construction of the words as importing an indefinite failure of issue will give way to any explanatory words in the context, which can be interpreted as fixing the time of the failure at the death of the first taker.

The words here are not, "if he die without issue" or "without having issue," but they are "in case he should die without *issue of his body,* then the same shall go to the heirs," etc. The Supreme Court of the United States has said: "The words, *issue of his body,* are more flexible than the words, *heirs of his body,* and courts more readily interpret the former as the synonym of *children,* and a mere *descriptio personarum,* than the latter." (*Daniel* v. *Whatrenby,* 17 Wall. 639). In *Carpenter* v. *Van Olinder,* 127 Ill. 42, we construed the words, *issue of their bodies,* as meaning *children.* In *Butler* v. *Huestis,* 68 Ill. 594, it was said, that the words, "issue" and "children," might be construed interchangeably, in order to effectuate the intention of the testator. In *Summers* v. *Smith,* 127 Ill. 645, it was said, that every part of the will might be taken into consideration for the purpose of showing, that the words "heirs of body," which are less flexible than the words, "issue of body," are used synonymously with "children;" and in the *Summers case* it was held, that the words, "dying without heirs of body" meant "dying without leaving such heirs of body as the estate would have vested in, in fee, instantly, upon the death of the first taker,—as children," etc.

In the case at bar, all the provisions of the will, considered together, show an intention on the part of the testator to provide for his children and grandchildren, and not for remote issue. By the first clause he gives a part of his property to one son, by the second another

part to another son, by the third another part to his grand-daughter, by the fourth another part to his grand-son, etc., showing that those, who were in his mind as objects of his bounty, were his immediate issue, such as children and grandchildren, and not remote issue. The time intended as the time for the failure of the issue of his body was the death of the first taker, Dennis S. Sweeny, so that the words, "in case he should die without issue of his body," mean "in case he should die without issue of his body living at the time of his death," that is, at the time of the death of Dennis S. Sweeny. This is apparent from the use of the word "then" in the connection in which it here occurs. The word, "then," in a gift to A, and if A die without issue, *then* to B, has been held in many cases to be a word of reference or reasoning, as merely indicating a consequence following from previous premises. When employed as such a particle of reference, it means "in that event," or "in that case," or "in consequence." When so employed, it generally follows a clause beginning with the word "if." But the word, "then," is also an adverb of time, and when used as such means "at that time." It has this meaning here, because, as the clause which precedes it begins with the words, "in case," to construe it as meaning "in that case" would be a mere repetition of the same expression. The meaning here is, that, in case he should die without issue of his body, *at that time,* that is, at the time of the death of Dennis S. Sweeny, the property should go to the heirs of Nelson C. Sweeny. This meaning of the word, "then," as being an adverb of time and not of reference in the connection in which it here occurs, is sustained by the following authorities: *Harris* v. *Smith,* 16 Ga. 545; *Snyder's Appeal,* 95 Pa. St. 174; *Pinbury* v. *Elkin,* 1 P. Wms. 563; *Griswold* v. *Greer,* 18 Ga. 545. Indeed, when the words *issue of his body* are construed to mean, "children," a definite failure of issue, that is, a dying without issue living at the death of the first taker, is necessarily intended, be-

cause "child," or "children," are words which generally refer to the death of the first taker. (*Morgan* v. *Morgan*, 5 Day, 517; *Richardson* v. *Noyes*, 2 Mass. 56; *Smith* v. *Hunter*, 23 Ind. 580; *Sherman* v. *Sherman*, 3 Barb. 385; *Hull* v. *Eddy*, 14 N. J. L. 169).

What has been said becomes still more apparent, when it is remembered that the words "heirs of Nelson C. Sweeny" mean "children of Nelson C. Sweeny." The word, "heirs," in a will is sometimes used as synonymous with the word "children." (*Summers* v. *Smith*, *supra*; *Smith* v. *Kimbell*, *supra*). It is admitted, that, when the present will was made, Nelson C. Sweeny had two children, the defendants in error, Nettie Belle Newton and Cora May Sweeny. This fact was well known to their grandfather, Joseph Sweeny, the testator. One of the established rules for the construction of a will is, that "the court will look at the circumstances under which the devisor makes his will—as the state of his property, *of his family*, and the like." (3 Jarman on Wills,—5th Am. ed. by Ran. & Tal.—pp. 705, 706). Joseph Sweeny. must have meant the children of his son, Nelson C. Sweeny, and not the heirs generally of Nelson C. Sweeny. It is also a well established rule, in the construction of wills, that "a testator is rather to be presumed to calculate on the dispositions in his will taking effect than the contrary." (3 Jarman on Wills,—R. & T.'s 5th Am. ed.—p. 709). If Dennis S. Sweeny should die without issue of his body before Nelson C. Sweeny should die, then upon the construction of the word, "heirs," as having its ordinary signification, the title to the estate would be in abeyance, because no one can be the heir of a living person, and Nelson C. Sweeny could have no heirs until his death. To say, that the estate should go to the heirs of Nelson C. Sweeny before the death of the latter, would be equivalent to saying that it could go nowhere, and that the testator calculated upon one of the dispositions of his will failing to take effect. To avoid a construction, which

163—39

would lead to such an absurdity, the word "heirs" as here used must be regarded as meaning "children." And if it means children, then the failure of issue was to take place at a definite time, inasmuch as the parties, in whose favor the limitation over was to take effect, were then in being. (*Smith* v. *Kimbell, supra*).

The plain intention of Joseph Sweeny was, that the homestead should go to his son, Dennis S. Sweeny, but if the latter should die without leaving any children when he died, the homestead should go to the children of his son, Nelson C. Sweeny. We see no reason why the will here should not be so construed as to effectuate this intention of the testator, there being no arbitrary rule of property, like the rule in *Shelly's case*, which stands in the way of such a construction.

After the devise of the fee to Dennis S. Sweeny, the limitation over to the children of Nelson C. Sweeny, upon the death of the said Dennis without children surviving him, is valid as an executory devise, because it is not void for remoteness, but imports a definite failure of issue.

The result of this view is, that the devise to Dennis S. Sweeny must be regarded as the devise of a fee determinable upon his dying without leaving children at the time of his death. It cannot be known until his death, whether the contingency will happen by which the limitation over is to take effect. If he dies leaving no children at the time of his death, the children of Nelson C. Sweeny will take the property; but if he leaves a child or children at that time, the property will go to such child or children. We think that the circuit court took the correct view of the first clause of the will, and properly dismissed the bill.

The decree of the circuit court is, accordingly, affirmed.

*Decree affirmed.*