EMMA FLETCHER, Appellee, *vs.* ROBERT ROOT *et al.* Appellants.

*Opinion filed June 16, 1909.*

1. WILLS—*equity has no jurisdiction to construe a will where there is no trust.* A court of equity has no jurisdiction to entertain a bill filed solely to construe a will and declare a legal title where there is no trust created by the will. (*Ewing* v. *Barnes,* 156 Ill. 61, overruled; *Strawbridge* v. *Strawbridge,* 220 id. 61, distinguished.)

2. SAME—*jurisdiction of equity to construe will cannot be conferred by consent.* A waiver of the question of jurisdiction of a court of· equity to construe a will where legal titles, only, are involved does not arise because the objection was not raised in the trial court, as such jurisdiction cannot be conferred by the consent of the parties. (*Mansfield* v. *Mansfield,* 203 Ill. 92, followed; *Parsons* v. *Millar,* 189 id. 107, explained.)

3. SAME—*what does not give equity jurisdiction to construe a will.* The fact that the complainant in a bill for the construction of a will to settle the legal title as between persons claiming to be devisees makes the representatives of the holders of certain unreleased mortgages defendants and asks to have the mortgages canceled as clouds upon her title does not authorize the court to assume jurisdiction and construe the will, where no question of a trust is involved.

APPEAL from the Circuit Court of Carroll county; the Hon. OSCAR E. HEARD, Judge, presiding.

Simeon J. Fletcher died on April 7, 1901, owning 193 acres of land in Carroll county, and leaving the appellee, his widow, and his sister, Helen Root, his only heirs. He left a will, which was admitted to probate, by which he devised all his property to his widow for life with remainder to his sister or her heirs. The widow renounced the will and the sister executed a warranty deed conveying all the land to the widow. The sister then died intestate, leaving the appellants, her children and heirs. Subsequently the appellee sold the land and entered into contracts to convey it and furnish a merchantable abstract of title. Soon

after, appellants notified the purchasers that they claimed an interest in the land under the will of Simeon J. Fletcher. The purchasers notified appellee that they would refuse to carry out their contracts of purchase unless there was an adjudication that appellants had no interest in the premises, and thereupon appellee filed a bill in the circuit court praying the court to construe the will of Simeon J. Fletcher, decree her to be the owner in fee of the land and to enjoin the appellants from setting up any claim of title thereto. The bill also set up several unreleased mortgages, made the mortgagees or their heirs parties and prayed that the mortgages might be canceled. Appellants demurred to the bill for want of equity, and, their demurrer having been overruled, afterward answered. A hearing was had, which resulted in a decree in accordance with the prayer of the bill, from which the defendants have appealed.

RALPH E. EATON, and C. W. MIDDLEKAUFF, for appellants.

GEORGE L. HOFFMAN, and JOHN R. CONNELL, for appellee.

Mr. JUSTICE DUNN delivered the opinion of the court:

The language of the will to be construed is as follows: "I hereby will and bequeath to my beloved wife, Emma Fletcher, all my estate, real, personal and mixed, of whatsoever name and nature and wheresoever found or situated, during the term of her natural life. At her death I direct that so much of my estate as shall then be left shall be given to my sister, Mrs. Helen Root, wife of George Root, of Lanark, State of Illinois, or her heirs."

The appellee claims that the words "or her heirs" are words of limitation, and that Mrs. Root took a vested remainder in fee after the termination of the life estate. The appellants claim that the word "or" indicates substitution

and that Mrs. Root's interest was contingent, because if she did not survive the appellee she was to take nothing but the remainder would go to her heirs.

It is manifest from the statement that the only object of the bill is to settle the legal title and that the case is therefore not one of which a court of equity has jurisdiction. No trust was created by the will. No instruction is asked or is necessary to direct the conduct of the executor. The controversy arises only out of conflicting claims to the legal title. "The law is well settled, where no trust is created neither the heir nor the devisee who claims only a legal title in the estate will be permitted to come into a court of equity for the purpose of obtaining a judicial construction of the provisions of the will. In other words, where only purely legal titles are involved and no other relief is asked, equity will not assume jurisdiction to declare such legal titles but will remit the parties to their remedies at law, as declared in *Strubher* v. *Belsey,* 79 Ill. 308, and cases there cited." *Minkler* v. *Simons,* 172 Ill. 323; *Harrison* v. *Owsley,* id. 629; *Mansfield* v. *Mansfield,* 203 id. 92.

The jurisdiction of courts of equity to interpret wills arises out of the general jurisdiction of chancery over trusts. To insure the proper administration of a trust, courts of equity will, upon the application of anyone interested, declare the meaning of doubtful clauses in a will and give directions to enable the trust to be carried out according to its true meaning. But the jurisdiction for this purpose is incidental to the power over trusts. When there is no trust there is no jurisdiction. *Whitman* v. *Fisher,* 74 Ill. 147; *Longwith* v. *Riggs,* 123 id. 258; *Harrison* v. *Owsley, supra; Strawn* v. *Jacksonville Female Academy,* 240 Ill. 111.

The cases of *Ewing* v. *Barnes,* 156 Ill. 61, and *Strawbridge* v. *Strawbridge,* 220 id. 61, are cited as cases which sustain the jurisdiction of equity to construe wills in cases when legal titles, only, are involved. The former case has

already been overruled as to the construction put upon the will. (*Glover* v. *Condell,* 163 Ill. 566; *Strain* v. *Sweeny,* id. 603.) We now overrule its holding that the court of equity had jurisdiction to give the will any construction. In *Strawbridge* v. *Strawbridge, supra,* the jurisdictional question was not raised and the opinion says nothing about it.

It is insisted that appellants waived the question of jurisdiction by failing to raise it in the court below. The same claim was made in the case of *Mansfield* v. *Mansfield, supra,* but it was held that the objection could not be waived in a case of this character. Consent can never give jurisdiction of the subject matter. "It is a fundamental principle that parties to a suit cannot, by consent, confer jurisdiction with respect to the subject matter of the suit by stipulation or consent, for that is fixed by the law and is consequently beyond the control of the parties. While rights may be waived and duties dispensed with, the law cannot be thus disposed of." (*Richards* v. *Lake Shore and Michigan Southern Railway Co.* 124 Ill. 516.) The case of *Parsons* v. *Millar,* 189 Ill. 107, is cited in support of the appellee's claim that the jurisdictional question may be waived. But in that case, as was pointed out in *Mansfield* v. *Mansfield, supra,* the court had jurisdiction to construe the will, on the bill of one of the executors, to enable him to make proper settlement and distribution of the money on hand.

The fact that appellee made the representatives of the holders of some unreleased mortgages parties and asked to have the mortgages canceled as clouds upon her title did not give equity jurisdiction of the entirely distinct subject matter of the construction of the will as between different persons claiming to be devisees.

The decree will be reversed and the cause remanded to the circuit court, with directions to dismiss the bill as to the appellants for want of jurisdiction.

*Reversed and remanded, with directions.*