(No. 21248.—■■■■■■)

MABEL SMITH *et al.* Appellants, *vs.* ELMER BEDELL *et al.* Appellees.

*Opinion filed June 24, 1932—Rehearing denied October 7, 1932.*

WHITMORE & WHITMORE, and MIDDLETON & MIDDLE-
TON, for appellants.

H. M. MURRAY, for appellees.

Mr. JUSTICE DUNCAN delivered the opinion of the court:

Mabel Smith and fourteen other complainants (herein referred to as appellants) filed in the circuit court of McLean county a bill to construe the will of Lawrence L. Bedell, deceased, for partition of certain real estate devised by the will, and for other relief. They made parties de-

fendant to their bill, Elmer Bedell, Leo Bedell, Bernice Knight, Arthur L. Benjamin, individually and as conservator of Gladys E. Bedell and as administrator of the estate of Gladys E. Bedell, deceased, and George Rowley, a leaseholder. The court sustained the demurrers of appellee Benjamin, individually and as conservator and as administrator, and of appellees Elmer and Leo Bedell and Bernice Knight, to appellants' bill and entered a decree dismissing it for want of equity. Appellants have appealed from that decree.

Lawrence L. Bedell, a resident of McLean county, died testate April 5, 1919. At the time of his death he was the owner of 53.56 acres of real estate situated in that county, of the value of $16,000, and of chattel property listed as cash and a Fourth Liberty loan bond, of the value of $3395.06. His will was executed May 7, 1914, was admitted to probate after his death, and, omitting the formal parts, it provides as follows:

"*First*—I desire that my just debts shall be paid within a reasonable time after my death.

"*Second*—I give, bequeath and devise unto my daughter Gladys E. Bedell all of my property both personal and real to have and to hold by her absolutely.

"Should the said Gladys E. Bedell fail to marry or fail to have a child by said marriage then at her death the remainder of the property herein devised shall go in equal share to my brothers and sisters or their children.

"*Third*—It is my wish and desire that if at any time in the future it shall be deemed wise and best for the interests of my daughter Gladys E. Bedell that my executor may sell the real estate and re-invest it safely for the use and benefit of the said Gladys E. Bedell.

"*Fourth*—I nominate and appoint George D. Benjamin executor of this my last will and testament."

The testator left surviving him as his only heir-at-law his daughter, Gladys E. Bedell, who at the time the will was executed was thirteen years of age. George D. Ben-

jamin refused to qualify as executor of the will, and H. M. Murray was appointed administrator with the will annexed and administered upon the estate of the decedent. Shortly after the death of the testator Gladys was adjudged to be mentally deficient and was committed to the Lincoln State School and Colony for the Feeble-minded and there remained until her death, on December 23, 1927. She was never married and died intestate, leaving surviving her no children or descendants of a child, no father, mother or adopted child, but left appellants, and appellees Elmer Bedell, Leo Bedell and Bernice Knight, her first cousins, as her next of kin and only heirs-at-law. Appellee Arthur L. Benjamin was appointed, qualified and acted as conservator of Gladys. On January 9, 1929, he filed in the probate court of McLean county his final report as such conservator. He suggested the death of Gladys and was appointed administrator of her estate.

In their bill, appellants, after alleging the above facts, alleged that by the will Gladys E. Bedell took all of the personal property of the testator as absolute owner and became seized of the real estate owned by the testator at his death in fee simple absolute, without condition. The prayer of the bill was that the will might be so construed, for partition of the real estate, and for an accounting by Benjamin as conservator and administrator of the estate of Gladys. The general and special demurrer of Benjamin as conservator and administrator questioned the jurisdiction of the circuit court. The demurrer of Elmer Bedell, Leo Bedell and Bernice Knight assigned, in substance, as ground of demurrer, that the will gave Gladys a base or determinable fee in the property owned by the testator at his death, with limitation, by way of executory devise, to the testator's brothers and sisters, or their children, in equal shares, in the event that Gladys did not marry or did not have a child by her marriage, and that by the executory devise, at her death the title to the property owned by the testator at his

death vested in these three appellees, who are the children of the testator's brothers and sisters, and that appellants have no interest in the testator's property so willed.

The only question for decision by this court argued in the briefs is the construction of the will, and appellants concede that if by the will there was a valid executory devise to the brothers and sisters of the testator or their children in case of the death of Gladys E. Bedell without having married or without having had a child by marriage the decree should be affirmed.

An estate in fee simple may be devised subject to a condition, upon the happening of which the estate in the first taker is to terminate and the title to the property vest in another. Such an estate is a fee because it will last forever if the condition or contingency upon which it is to terminate does not happen, but it is a conditional or determinable fee so long as it is possible that the condition or contingency upon which it is to terminate may happen. (*Glass* v. *Johnson*, 297 Ill. 149; *Ashby* v. *McKinlock*, 271 id. 254; *Williams* v. *Elliott*, 246 id. 548; *Mayer* v. *McCracken*, 245 id. 551; *Ashfield* v. *Curtis*, 229 id. 139.) Where language used in a will is sufficient to devise an estate in fee simple absolute, in the absence of a clearly expressed intention to limit or qualify such estate a fee simple absolute will pass, but if it clearly appears from the language of the will that it was the intention of the testator to limit the estate and to pass the fee simple title by way of a valid executory devise to other persons, such intention will be given effect. *Strain* v. *Sweeny*, 163 Ill. 603.

Under the provisions of section 13 of the act concerning conveyances, the language of the first sentence of the second paragraph of the will was sufficient to vest title in fee simple absolute in the real estate in Gladys E. Bedell, and it should be given that effect unless by the second sentence of that paragraph the testator expressed an intention to limit that estate. The second sentence of the sec-

ond paragraph is: "Should the said Gladys E. Bedell fail to marry or fail to have a child by said marriage then at her death the remainder of the property herein devised shall go in equal share to my brothers and sisters or their children." It is not contended that this language shows that it was the intention of the testator to convey to Gladys only a life estate in the property. That it should not be so construed is clear, because, if the testator's daughter was given only a life estate, there is no disposition of the remainder in case she should marry and have a child by her marriage, and it is to be presumed that the testator intended to dispose of all of his property by his will and any reasonable construction of it will be adopted to avoid partial intestacy.

The contention of appellants is that the limitation over to the testator's brothers and sisters or their children in case Gladys E. Bedell should die without having married or without having had a child by marriage is invalid because the limitation over is of "the remainder" of the property. It is contended that the word "remainder" means what is left after the termination of a particular prior estate; that a fee simple estate had been devised to the daughter and there can be no remainder after a fee simple estate, and that, therefore, the limitation over of the "remainder" is void. It is further suggested that the word "remainder" can only mean what was left of the property at the death of Gladys, and that, therefore, it appears that it was intended to give her the power to convey and dispose of the fee simple title in the property during her lifetime and that the attempted limitation over by way of executory devise is invalid.

While it is true that the word "remainder," in its technical sense, has the restricted meaning of a remnant of an estate in land, depending upon a particular prior estate created at the same time and by the same instrument in the same property and limited to arise immediately on the

termination of that estate and not in abridgment of it, it is also true that the word has a broader meaning as commonly and generally understood, and in construing a will to give effect to the intention of the testator the word "remainder" need not be given its strict legal meaning. (*Biggerstaff* v. *VanPelt*, 207 Ill. 611.) It is to be noted that by the second clause of the will the testator not only devised his real property to his daughter but also bequeathed to her his personal property, and it is not unreasonable to suppose that the testator contemplated that certain items of the personal property might be worn out or destroyed during her lifetime. It is very reasonable, therefore, to say that he used the word "remainder" in the second sentence of that clause of the will as meaning the real estate and the personal property that had not been used up, worn out or destroyed. The second sentence of the second clause of the will shows clearly that the testator intended that should his daughter die without having married and having had a child by such marriage, then his property should go to the testator's brothers and sisters or their children. The effect of the words of the will was to bequeath to Gladys his personal property and to devise to her his real estate in fee, subject to a valid executory devise over to the brothers and sisters of the testator or their children should Gladys die without having married or having had a child by marriage.

The contention of the appellants that it appears from the will that it was the intention to give Gladys E. Bedell an estate in fee with the right to dispose of the property in her lifetime and vest absolute title in the grantee free of any condition or limitation cannot be sustained, and the cases of *Sweet* v. *Arnold*, 322 Ill. 597, and *Williams* v. *Elliott, supra*, relied upon by appellants, are clearly to be distinguished from this case. In those cases the language of each will clearly showed that the testator intended that the devisee in disposing of the property should not be limited to the alienation of a conditional or determinable fee but

might convey the absolute and entire ownership of the property. There is no language in the will in this case that shows it was the intention of the testator that Gladys, before she married or had a child by marriage, could convey to a third person more than a conditional or determinable fee in the property devised to her.

The decree of the circuit court is affirmed.

*Decree affirmed.*