## LEVI H. DAVIS *et al.*

### *v.*

## JOHN D. STURGEON *et al.*

*Opinion filed October 25, 1902.*

1. DEEDS—*when deed is within the rule in Shelley's case.* If the granting clause in a deed is to the grantee, "her heirs and assigns," and the *habendum* clause runs "unto said party of the second part, her heirs and assigns forever," the deed is within the rule in *Shelley's case* and vests a fee simple title in the grantee, notwithstanding the deed, in describing the parties, names as parties of the second part the grantee "and her heirs, but in case of no heirs the land hereinafter described shall revert back" to the parties of the first part. (*Seymour* v. *Bowles,* 172 Ill. 521, distinguished.)

2. SAME—*when word "heirs" must be one of limitation.* Even though there may be language in the first part of a deed indicating an intention to convey but a life estate to the grantee in case she left no heirs, still, if the conveyance is to the grantee and "her heirs," the word "heirs" is one of limitation, and no intention of the grantor can change it into a word of purchase.

APPEAL from the Circuit Court of DeKalb county; the Hon. CHARLES A. BISHOP, Judge, presiding.

JONES & ROGERS, for appellants.

CARNES & DUNTON, for appellees.

Mr. JUSTICE WILKIN delivered the opinion of the court:

This is an appeal from the circuit court of DeKalb county to reverse a decree there rendered partitioning certain real estate.

Complainant in the original bill, John D. Sturgeon, is the husband of Jane E. Sturgeon, deceased, who died August 10, 1900, owning the several pieces of property sought to be partitioned, and leaving no children, but leaving her husband and others her heirs-at-law. A part of the lands held by her at the time of her death was conveyed to her by her father, Richard C. Davis, November 14, 1868, by the following instrument:

"This indenture, made this fourteenth day of November, in the year of our Lord one thousand eight hundred and sixty-eight, between Richard C. Davis and Susan E., his wife, of DeKalb county, State of Illinois, of the first part, and Jane E. Davis, of the county and State aforesaid, and her heirs, but in case of no heirs the land hereinafter described shall revert back to the parties of the first part, his heirs or assigns, but the party of the second part shall have the said land her lifetime, of the second part:

"*Witnesseth*, that the said party of the first part, for and in consideration of the sum of $1200 in hand paid by the said party of the second part, the receipt whereof is hereby acknowledged, has granted, bargained and sold, and by these presents do grant, bargain and sell, unto the said party of the second part, her heirs and assigns, all the following described lot, piece or parcel of land, situated in the town of Paw Paw, in the county of DeKalb and State of Illinois, to-wit: * * * Together with all and singular the hereditaments and appurtenances thereunto belonging or in anywise appertaining, and the reversion and reversions, remainder and remainders, rents, issues and profits thereof, and all the estate, right, title, interest, claim and demand whatsoever of the said party of the first part, either in law or equity, of, in and to the above bargained premises, with the hereditaments and appurtenances. To have and to hold the said premises above bargained and described, with the appurtenances, unto the said party of the second part, her heirs and assigns forever.

"In testimony whereof the said parties of the first part have hereunto set their hands and seals the day and year first above written.

RICHARD C. DAVIS, [Seal.]
SUSAN E. DAVIS. [Seal.]"

Three of the parties who were made defendants to the bill, and who were the residuary devisees under the will of Richard C. Davis, (and who will succeed to the title to this land if the deed be held to convey less than a fee,) filed an answer and also a cross-bill, praying that the deed be declared void as a deed, upon the ground that it is but an attempt to make a testamentary disposition of the property, or that the instrument be declared to simply convey to the grantee a life interest. Upon the hearing below a decree was rendered in accordance

with the prayer of the original bill,—that is, holding that the instrument in question conveyed the fee. The complainants in the cross-bill appealed.

The contention of appellants is, that the deed should be construed as though it read, "to Jane E. Davis and her children, but in case of no children the land should revert back to the grantor, the party of the second part to have the said land for her lifetime." It is said such a construction conforms to the intention of the grantors, and that the word "heirs" was not used in its technical sense. It will be noticed that the granting clause in the deed is to the party of the second part, "her heirs and assigns," and the habendum is, "to have and to hold the said premises above bargained and described, with the appurtenances, unto the said party of the second part, her heirs and assigns forever." This is strictly within the rule in *Shelley's case,* and vested the fee simple title in the grantee. (*Vangieson* v. *Henderson,* 150 Ill. 119, and cases cited.) Even if it be conceded that there is language in the first part of the deed indicating an intention to convey to the grantee but a life estate in case she left no heirs, (which we do not concede,) still, it is well settled that when a conveyance contains language creating a fee, under the rule in *Shelley's case,*—that is, to one and his heirs or the heirs of his body,—the word "heirs" is one of limitation, and no intention of the grantor, however clearly expressed, can change it into a word of purchase. (*Fowler* v. *Black,* 136 Ill. 363; *Vangieson* v. *Henderson, supra.*) It is true that in some cases the word "heirs," used in deeds, may be construed to mean "children;" but that is never so where the word "heirs" is used in its technical, legal sense.

The case of *Seymour* v. *Bowles,* 172 Ill. 521, is clearly distinguishable from this case. There the conveyance was not to the grantee and her heirs, but "to Susan Bowles and her minor heirs, and in case of the death of either of the heirs without issue, the property right to

revert back to the surviving heirs." The word "heirs," as used, was qualified and limited to a particular class of heirs.

It is hard to perceive how language could more clearly bring this case within the rule. There is nothing to prevent it from being given its technical meaning. Without departing from the long line of decisions in this State enforcing the rule as a rule of property, the court below could have done nothing less than sustain the conveyance as vesting a fee simple title in the grantee, Jane E. Davis.

The judgment of the circuit court was right and will be affirmed.

*Judgment affirmed.*