GEORGE PARK JOHNSON

*v.*

JEANNETTE E. BUCK *et al.*

*Opinion filed February 21, 1906—Rehearing denied April 4, 1906.*

1. INFANTS—*right of infant to maintain bill to impeach decree.* An infant whose rights are prejudiced by a decree may maintain an original bill to impeach the decree during his minority, or within such time after attaining majority as he would have to sue out a writ of error to reverse the decree.

2. WILLS—*elements essential to application of rule in Shelly's case.* In order that the rule in *Shelly's case* may be applied there must be a gift or conveyance of a freehold estate to the ancestor, with a limitation, by way of remainder, to his heirs.

3. SAME—*when rule in Shelly's case does not apply.* The rule in *Shelly's case* does not apply to a will which devises a fee simple estate to a person and his heirs immediately, without purporting to limit a remainder to such heirs.

4. SAME—*when limitation upon a fee is valid.* A limitation over to certain persons providing the person to whom a fee simple estate has been previously devised shall die before attaining the age of twenty-five years without leaving lawful issue surviving, is valid.

5. SAME—*when creation of trust is valid.* A devise of a fee simple estate to certain named persons and their heirs, followed by a provision that the estate of one of such persons shall vest in the others in trust until he attains the age of twenty-five years, creates a valid trust.

6. EQUITY—*power of equity to authorize a conversion of trust property contrary to provisions of a will.* Courts of equity have

power to authorize the conversion of trust property contrary to the plan of the will where there is a necessity for such conversion in order to preserve the estate; but such a conversion is not justified by the mere fact that the court concludes that some other plan is better than the one outlined in the will.

WRIT OF ERROR to the Circuit Court of Sangamon county; the Hon. JAMES A. CREIGHTON, Judge, presiding.

ROBERT H. PATTON, for plaintiff in error:

Where a decree is rendered against a minor, he may, even during his minority, by his next friend, file an original bill in the nature of a bill of review to impeach the decree either for fraud or error appearing upon the face of the record. *Gooch* v. *Green,* 102 Ill. 507; *Clark* v. *Shawen,* 190 id. 52; *Grimes* v. *Grimes,* 143 id. 556.

The following cases have held that where words are used in a will which at common law create an estate of inheritance, all subsequent words in the will attempting to limit the estate or the power of disposition are void: *Wolfer* v. *Hemmer,* 144 Ill. 554; *Lambe* v. *Drayton,* 182 id. 110; *Silva* v. *Hopkinson,* 158 id. 389; *Burton* v. *Gagnon,* 180 id. 345; *Deemer* v. *Kessinger,* 206 id. 62.

The first clause of the will of George D. Withey gives all his property to his daughters and George Park Johnson, "and their heirs." Under the rule in *Shelly's case,* in force in this State, this clause vests an estate in fee simple with absolute power of disposition in the takers. *Baker* v. *Scott,* 62 Ill. 86; *Vangieson* v. *Henderson,* 150 id. 119; *Deemer* v. *Kessinger,* 206 id. 57; *Silva* v. *Hopkinson,* 158 id. 388; *Wolfer* v. *Hemmer,* 144 id. 554.

The only method by which an instrument employing the word "heirs" can be shown not to be within the rule in *Shelly's case* is by showing that the word was not employed in its strict legal sense. *Silva* v. *Hopkinson,* 158 Ill. 389; *Carpenter* v. *VanOlinder,* 127 id. 42; *Fowler* v. *Black,* 136 id. 375.

The rule in *Shelly's case* is not a rule of interpretation but a rule of property, and it must prevail whenever a devise,

by the terms of the will, falls within it, regardless of the otherwise expressed intention of the testator. *Deemer* v. *Kessinger,* 206 Ill. 62; *Baker* v. *Scott,* 62 id. 86; *Carpenter* v. *VanOlinder,* 127 id. 42; *Hageman* v. *Hageman,* 129 id. 164; *Ewing* v. *Barnes,* 156 id. 61; *Wolfer* v. *Hemmer,* 144 id. 554; *Silva* v. *Hopkinson,* 158 id. 386.

While this court has held in many cases, that where a fee is given by will under and by virtue of the 13th section of the Conveyancing act, the same is limited and modified by subsequent parts of the will, in each of the following of such cases this court has specifically mentioned the fact that the word "heir," or other words of inheritance, are not used, thereby showing a clear distinction between those cases and the one at bar: *Turner* v. *Hause,* 199 Ill. 468; *Seeger* v. *Bode,* 181 id. 518; *Metzen* v. *Schopp,* 202 id. 283; *King* v. *King,* 215 id. 100; *Gruenewald* v. *Neu,* 215 id. 132.

The provisions of the third clause of the will, that the share given to the grand-son shall vest in the three daughters in trust, to possess, manage, and control the same, with power to sell and convey, etc., are manifestly conditions imposing restraint upon the absolute power of disposition given under clause 2, and therefore are void. *Harris* v. *Ferguy,* 207 Ill. 538.

The exercise of the power of a court of equity to convert property held in trust can only be justified by some exigency which makes the action of the court, in a sense, indispensable to the preservation of the interests of the parties in the subject matter of the trust. *Johns* v. *Johns,* 172 Ill. 479; *Gavin* v. *Curtin,* 171 id. 640.

ALBERT SALZENSTEIN, for defendants in error:

A bill of review cannot be sustained on the ground that the court decided wrong on a question of fact, nor for wrong inferences of the court on matters of evidence, nor on the ground that the decree which is attacked is not warranted by the evidence. *Fellers* v. *Rainey,* 82 Ill. 114; *Burgess* v.

*Pope,* 92 id. 255; *Turner* v. *Berry,* 3 Gilm. 541; *Evans* v. *Clement,* 14 Ill. 205; *Getzler* v. *Saroni,* 18 id. 511; *Garrett* v. *Moss,* 22 id. 363; *Whiting* v. *Bank,* 13 Pet. 6.

The will should be construed as an entirety, having respect to all its parts and giving effect to all of them, if possible. *Orr* v. *Yates,* 209 Ill. 222; *Morrison* v. *Schorr,* 197 id. 554; *Fisher* v. *Fairbanks,* 188 id. 187; *Greenwood* v. *Greenwood,* 178 id. 387; *Bergan* v. *Cahill,* 55 id. 160.

In construing a will the punctuation is not to be regarded, if any change in that respect will effectuate the intention of the testator. *Johnson* v. *Bank,* 192 Ill. 541.

The circuit court, in the original decree, properly construed the will here involved. 4 Kent's Com. 270; 1 Jarman on Wills, *822-824; 24 Am. & Eng. Ency. of Law, (2d ed.) 427, 428-431; *Siegwald* v. *Siegwald,* 37 Ill. 430; *Bergan* v. *Cahill,* 55 id. 160; *Friedman* v. *Steiner,* 107 id. 125; *Summers* v. *Smith,* 127 id. 645; *Healy* v. *Eastlake,* 152 id. 424; *Smith* v. *Kimball,* 153 id. 368; *Glover* v. *Condell,* 163 id. 536; *Strain* v. *Sweeny,* 163 id. 605; *Lombard* v. *Witbeck,* 173 id. 396; *Koeffler* v. *Koeffler,* 185 id. 261; *Johnson* v. *Bank,* 192 id. 541; *Becker* v. *Becker,* 206 id. 53; *Orr* v. *Yates,* 209 id. 222.

Courts of chancery, by virtue of their general jurisdiction over the estates of infants, have full power to authorize the conversion of their real estate into personalty, when it seems to the court to the best interest of the infants to so do. *Hale* v. *Hale,* 146 Ill. 227; *Gorman* v. *Mullins,* 172 id. 349; *Johns* v. *Johns,* id. 472; *Williams* v. *Williams,* 204 id. 44; *Denegre* v. *Walker,* 214 id. 113; *King* v. *King,* 215 id. 100.

The rule that a trustee may not purchase at his own sale has no application to a sale made by a third party or officer of court, particularly where the trustee has an interest in the property sold. *Oil Co.* v. *Marbury,* 91 U. S. 587; *Felton* v. *LeBreton,* 92 Cal. 457; *Frazer's Exrs.* v. *Lee,* 42 Ala. 25; *Lucas* v. *Firent,* 111 Mich. 426; *Saltmarch* v. *Spaulding,* 147 Mass. 224; *Dillinger* v. *Kelly,* 84 Mo. 561.

Mr. CHIEF JUSTICE CARTWRIGHT delivered the opinion of the court:

The circuit court of Sangamon county sustained a demurrer to the amended bill of complaint, in the nature of a bill of review, filed by the plaintiff in error, George Park Johnson, by his next friend, against the defendants in error, Jeannette E. Buck, Georgie E. Williams and Minnie J. Ragland, for the purpose of reviewing and setting aside a decree and order of said court made and entered in a suit in which defendants in error were complainants and plaintiff in error was defendant. Plaintiff in error having attained his majority, sued out the writ of error in this case to review the action of the court in sustaining the demurrer and dismissing his bill.

The material facts alleged in the amended bill of complaint, to which the demurrer was sustained, are as follows: George D. Withey, of Sangamon county, died September 17, 1899, leaving various pieces of real estate in the city of Springfield, all of which were devised to the parties to this litigation by the following provisions of his will:

"*Second*—I give, devise and bequeath all my estate, of every character and wheresoever situate, to my daughters Jeannette E. Buck, Georgie E. Wood and Minnie J. Ragland, and to my grand-son, George Park Johnson, and their heirs, share and share alike.

"*Third*—But it is also my will, that the share above devised and bequeathed to my grand-son, shall vest in my said three daughters and the survivor or survivors of them.

"In trust, to possess, manage and control the same, with power to sell and convey, in their discretion, for the education of my said grand-son, during his minority and to and until he attains the full age of twenty-five years; and upon his attaining the said age of twenty-five years, said trustees, shall deliver and pay over to my said grand-son, all and so much of the share of my said estate above devised and bequeathed to and for him, as may remain unexpended; and

should my grand-son die before attaining the full age of twenty-five years, without lawful issue him surviving, it is further my will, that the share of my estate hereby devised and bequeathed to and for my grand-son shall thereupon vest in and become the property of my said daughters, Jeannette, Georgie and Minnie, and their heirs, share and share alike."

The defendants in error were appointed executors of the will, which was admitted to probate on October 16, 1899, and they qualified as executors. On December 26, 1899, they filed the bill of complaint against plaintiff in error on which the decree sought to be impeached was entered, setting forth the will and praying that the court would construe said will and decree that they had power, as trustees, in their unlimited discretion, to sell said real estate and convey an absolute title thereto, although such sale was not required for the education of plaintiff in error, and it was alleged that a sale was not necessary for that purpose. There was an alternative prayer that if the court should find that the will did not give an unlimited power of sale, the court would authorize a sale of the property on the ground that it would be for the best interests of the persons to whom the real estate had been devised. The ground upon which it was alleged that a sale would be for the best interests of the parties was, that the income derived from the property did not equal the charges thereon for taxes and the ordinary repairs required for the preservation of the property. It was alleged that the homestead, consisting of a two-story brick residence of twelve rooms, was occupied by Jeannette E. Buck without rent; that a two-story brick business house in fair condition, which had been rented at an annual rental of $1000, had been vacant since about September 1, 1899, with no immediate prospect of a paying tenant, and that other property was not productive of income. The store building had been vacant a little over two months after the will was probated, and there was no averment of any efforts to rent it or to make

the homestead produce income. It was alleged that the personal estate amounted to about $7000 and there were but few debts, so that the personal estate was ample to pay and satisfy any debts of the estate. A guardian *ad litem* was appointed for plaintiff in error, who filed an answer, stating that plaintiff in error was about fifteen years of age; that his rights and interests were submitted to the protection of the court by the guardian, and that the guardian believed it to be for his best interests that the property should be sold at public sale for its fair value and the proceeds be invested so that income might be received therefrom. The cause was referred to a master, who reported that the allegations of the bill were true and that the fair market value of the property was $21,200, and he recommended a sale. A decree was entered finding the material allegations of the bill to be true and that the fair market value of the real estate was $21,200, and directing a sale for cash in hand on the day of the sale by the master in chancery, provided the bid should amount to the fair market value of the property. The master sold the property to the defendants in error, who were executors of the will and trustees for plaintiff in error, for the sum of $16,000 and reported such sale, stating that the purchasers receipted for each of their individual interests and for the interest of the minor, and that no money was paid except the costs. The court entered an order approving the sale and ordered the defendants, as trustees, to enter into a bond in the sum of $8000, conditioned for the faithful management, control and accounting of the trust fund.

An infant who has been aggrieved by a decree of a court of equity can maintain an original bill for relief without asking for a rehearing or filing a bill of review. He may, during his minority, file an original bill to impeach a decree for fraud or error appearing upon its face, or may exercise the right afterward within the time during which he could prosecute a writ of error to reverse the decree. *Loyd* v. *Malone,* 23 Ill. 41.; *Kuchenbeiser* v. *Beckert,* 41 id. 172; *Gooch* v.

*Green,* 102 id. 507; *Grimes* v. *Grimes,* 143 id. 550; *Clark* v. *Shawen,* 190 id. 47.

In the suit brought by defendants in error the court construed the will of George D. Withey according to its language, as devising the real estate to the parties to that suit, giving to each an undivided one-fourth, but vesting the one-fourth of plaintiff in error in defendants in error, or the survivor or survivors of them, in trust, to be managed, controlled and accounted for by such trustees until plaintiff attained the age of twenty-five years, with the limitation over upon his death leaving no issue before attaining such age. It is first contended that the decree was erroneous in such construction because the rule in *Shelley's case* applied, and under that rule the second clause gave an absolute estate to plaintiff in error, which could not be cut down by subsequent words, either in the creation of a trust until he reached the age of twenty-five years or by a limitation over by way of executory devise. The argument is, that under the rule in *Shelley's case* all the subsequent words attempting to limit the estate or the power of disposition by plaintiff in error were void.

The rule in *Shelley's case* is in full force in this State. The rule stated in that case was, that "where the ancestor takes an estate of freehold, and in the same gift or conveyance an estate is limited, either mediately or immediately, to his heirs, either in fee or in tail, the heirs are words of limitation of the estate and not words of purchase." The rule was quoted in *Baker* v. *Scott,* 62 Ill. 86, and the court added the definition from Preston on Estates: "When a person takes an estate of freehold, legally or equitably, under a deed, will or other writing, and afterward, in the same deed, will or writing there is a limitation, by way of remainder, with or without the interposition of any other estate, of an interest of the same quality, as legal or equitable, to his heirs generally, or his heirs of his body, by that name in deeds or writings of conveyance, and by that or some such

name in wills, and as a class or denomination of persons to take in succession from generation to generation, the limitation to the heirs will entitle the person or ancestor himself to the estate or interest imported by that limitation." The rule has been otherwise stated as follows: "The rule in *Shelley's case* says, in substance, that if an estate of freehold be limited to A, with remainder to his heirs, general or special, the remainder, although importing an independent gift to the heirs, as .original takers, shall confer the inheritance on A, the ancestor." (1 Hayes on Conveyancing, 542.)

It will be seen that there are two necessary elements in every deed or will to which the rule applies: First, there must be a gift or conveyance of a freehold estate to the ancestor; and second, there must be a limitation, by way of remainder, to his heirs. The codicil construed in the case of *Deemer* v. *Kessinger*, 206 Ill. 57, where lands were given to William L. Deemer during his lifetime, with limitation over, after his death, to his heirs, shows the proper application of the rule. The will in this case does not come within the rule in any respect. It does not purport to devise to plaintiff in error a freehold estate, with a limitation, by way of remainder, to his heirs, but the devise in the second clause is to him and defendants in error and their heirs, which is the proper mode of devising a fee simple. Such words are not the words necessary to be employed to confer a freehold estate upon the ancestor with a remainder to his heirs, but are words which in a will or conveyance transfer the fee. As the will does not purport to limit a remainder to heirs of the plaintiff in error but to confer the estate immediately upon him, the rule in *Shelley's case* has no application. In some cases where the same result was necessarily reached on other grounds, the rule in *Shelley's case* may have been inadvertently applied to a devise. like this, but it is clear that the rule has nothing to do with this devise.

So far as the limitation over in case of the death of the plaintiff in error without leaving issue before attaining the

age of twenty-five years is concerned, the real question is whether such a limitation after an estate in fee is valid. Such a limitation in a conveyance is void, but it has always been the law in this State that a fee may be limited after a fee by will. The rule was first declared in 1823 in the case of *Ackless* v. *Seckright,* Breese, 76, where the court quoted from 2 Blackstone's Commentaries, 172, as follows: "Where a devisor devises his whole estate in fee but limits a remainder thereon to commence on a future contingency, as if a man devises land to A and his heirs, but if he dies before he is twenty-one, then to B and his heirs, this remainder, though void in a deed, is good by way of executory devise." The doctrine has since been adhered to in numerous cases. (*Siegwald* v. *Siegwald,* 37 Ill. 430; *Ducker* v. *Burnham,* 146 id. 9; *McCampbell* v. *Mason,* 151 id. 500; *Smith* v. *Kimbell,* 153 id. 368; *Palmer* v. *Cook,* 159 id. 300; *Koeffler* v. *Koeffler,* 185 id. 261; *Gannon* v. *Peterson,* 193 id. 372; *Thompson* v. *Becker,* 194 id. 119; *Bradsby* v. *Wallace,* 202 id. 239; *Orr* v. *Yates,* 209 id. 222.) In *Glover* v. *Condell,* 163 Ill. 566, the cases of *Ewing* v. *Barnes,* 156 Ill. 61, and *Silva* v. *Hopkinson,* 158 id. 386, were overruled, and the correct doctrine was stated, that "although a fee cannot be limited upon a fee by deed, yet it can be so limited by will by way of executory devise." Such a devise may be void when too remote, under the rule against perpetuities; but in this case a precise time is fixed by the will for a failure of issue, and as the limitation over is to take effect upon a definite failure of issue it is valid. Although the second clause of the will devises an estate in fee simple to plaintiff in error, the limitation over to defendants in error or their heirs upon the death of plaintiff in error before attaining the age of twenty-five years without lawful issue surviving him, is valid.

The remaining question on the construction of the will is, whether the creation of the trust until the plaintiff in error attains the age of twenty-five years is valid. The estate devised by the second clause is a fee, but it is provided

that it shall vest in the three daughters, or the survivor or survivors of them, until the plaintiff in error attains the age of twenty-five years. The punctuation and division into paragraphs in the will is of little or no importance in construing it, and it is to be read the same as though all the provisions were in a single paragraph, the latter part limiting and qualifying that which goes before as a proviso or exception to it. Under the will, plaintiff in error became the absolute owner of the estate devised, which was not cut down or limited except so far as necessary to the creation of the trust for its management and control for a limited period. We are of the opinion that the construction given to the will in the decree sought to be impeached was correct.

It seems to us, however, that the court erred in sustaining the demurrer to the bill, as we think that the facts set out in the bill filed by defendants in error were not sufficient to authorize the decree, and the decree was erroneous for that and other reasons. Courts of equity have full power to authorize the conversion of property contrary to the provisions of a will and differing from the purpose and plans of the testator, where there is a necessity for such conversion for the preservation of the estate; but there must be some important and controlling reason for such action, and a conversion is not justified by the mere fact that the court may conclude some other plan than that of the testator would have been better. (*Curtiss* v. *Brown,* 29 Ill. 201; *Gavin* v. *Curtin,* 171 id. 640; *Johns* v. *Johns,* 172 id. 472; *King* v. *King,* 215 id. 100.) The most material averments of the bill were, that the homestead, a two-story brick dwelling house of twelve rooms, was occupied by one of the defendants in error without rent; that the two-story brick store building, which had been rented for $1000 a year, had been vacant for a little over three months, during which time testator died, and the store had been vacant only about two months after probate of the will when the bill was filed. There was no allegation of any effort to rent, and no fact was

stated which would justify a conclusion that it could not be rented.  No case justifying the interposition of a court of equity for the preservation of the interests of the minor was stated, and if the necessary facts existed, they were not alleged.  If it had been necessary to sell the interest of the minor, the sale of that interest did not involve a sale of the interests of the defendants in error, who were under no disability, and there was no finding that it would be for the interest of the minor to have a sale of the whole title.  The decree ordered the sale for cash, which was an unusual provision in the case of such a sale, and in view of the fact that all interests in property worth $21,200 were sold in that way for cash in hand on the day of sale, the provision appears to have been against the interest of the minor.  It enabled the trustees, whose own interests were included, to buy the property without making any cash payment, by receipting for their own shares and the share of the minor *cestui que trust.*  The master found and reported that the fair market value of the property was $21,200, and the court made the same finding as to value, and ordered the sale upon condition that the property should bring its fair cash market value.  The decree was entered April 19, 1900, and the sale took place May 14, 1900, within less than thirty days, when the property was sold to the trustees for $16,000.  The sale to the trustees, which would be scrutinized by the court with jealous care in the interest of the minor *cestui que trust,* was approved by the court without any finding that there had been such a surprising depreciation in value as amounted to $5200 within a few weeks.  We are of the opinion that the decree was erroneous, and the order approving the sale was also erroneous, and that the court erred in sustaining the demurrer to the bill filed to review and impeach such decree and order.

The decree is reversed and the cause is remanded.

*Reversed and remanded.*