NELLIE C. MORTON *et al.* Appellees, *vs.* SARAH E. BABB *et al.* Appellants.

*Opinion filed October 25, 1911.*

1. DEEDS—*when proof of custom in drawing deeds is not admissible.* Where there is no ambiguity in the language of a deed which has a well settled legal meaning, evidence is not admissible to explain or add to the language used by showing that at the time such deed was made there was existing a custom of using blank forms for deeds and inserting any proviso or conditional clause in the blank space following the description of the land; but error in admitting such evidence is harmless if the construction given the deed, with the grantor's intention as the only criterion, is correct.

2. SAME—*rule in Shelley's case has a limited application.* The rule in *Shelley's case* applies only where an estate of freehold is limited, by gift or conveyance, to the ancestor, and there is a limitation in the same gift or conveyance, by way of remainder, to his heirs. (*Wolfer v. Hemmer,* 144 Ill. 554, and *Davis v. Sturgeon,* 198 id. 520, explained; *Ewing v. Barnes,* 156 id. 61, and *Silva v. Hopkinson,* 158 id. 386, criticised.)

3. SAME—*when rule in Shelley's case does not apply to a deed.* The rule in *Shelley's case* does not apply to a deed the granting clause of which conveys certain described land to the grantee, "his heirs and assigns," but which provides that if the grantee shall die without issue the premises shall revert to the *grantor,* his heirs and assigns.

4. SAME—*fact that granting clause uses word "heirs" does not prevent limiting estate.* A grant to a named person, his heirs and

assigns, without limit or qualification, will convey a fee simple estate; but the fact that the word "heirs" is used does not preclude limiting or explaining the estate granted. (*Palmer* v. *Cook,* 159 Ill. 300, disapproved.)

5. SAME—*granting clause prevails over habendum in case of repugnancy.* The portions of a deed operative to define and limit the estate are the granting clause and the *habendum,* the office of the *habendum* being to limit and define the estate granted; but in case of repugnancy between the granting clause and the *habendum* the former must prevail.

6. SAME—*when the grantee takes an estate which may be determined.* Where the granting clause of a deed conveys land to the named grantee, his heirs and assigns, but provides that the premises shall revert to the *grantor,* his heirs and assigns, if the grantee shall die without issue, the grantee takes an estate which will be determined by his death without issue, notwithstanding the *habendum* is to the grantee, his heirs and assigns, forever.

APPEAL from the Circuit Court of Morgan county; the Hon. OWEN P. THOMPSON, Judge, presiding.

WORTHINGTON & REEVE, for appellants.

BELLATTI, BARNES & BELLATTI, for appellee Gertrude C. Grimshaw.

Mr. JUSTICE CARTWRIGHT delivered the opinion of the court:

The decision of this case depends upon the legal effect of a warranty deed made and delivered on May 18, 1869, by Samuel T. Mathews, his wife joining therein, to their son, Richard T. Mathews. The appellees claim title by inheritance from Samuel T. Mathews, and the appellants make a like claim as widow and devisees of Richard T. Mathews, the grantee. In the circuit court of Morgan county there was a bill for partition alleging title through Samuel T. Mathews, and a cross-bill claiming title through Richard T. Mathews and asking for partition. The parts of the deed material to this controversy are as follows:

"The said parties of the first part, for and in consideration
of the sum of ten dollars in hand paid by the said party
of the second part, the receipt whereof is hereby acknowl-
edged, and the love and affection for their son, the said
Richard T. Mathews, have given, granted, bargained and
sold, and by these presents do give, grant, bargain and sell,
unto the said party of the second part, his heirs and assigns,
all the following described lots, pieces or parcels of land,
situate in the county of Morgan and the State of Illinois,
to-wit: [describing property.] Nevertheless, it is expressly
made, understood and provided, that in case the said Rich-
ard T. Mathews, the party of the second part, should die
leaving no issue, then the aforesaid bargained premises shall
revert unto the said party of the first part, their heirs or
assigns." The *habendum* is as follows: "To have and
to hold the said premises above bargained and described,
with the appurtenances, unto the said party of the second
part, his heirs and assigns forever." Samuel T. Mathews
died a few years after the deed was made,—probably be-
tween 1872 and 1875. Richard T. Mathews died on or
about February 6, 1909, leaving a widow but leaving no
issue. The master in chancery to whom the issues made by
the bill, cross-bill, answers and replications were referred,
reported as his conclusion that upon the death of Richard
T. Mathews, leaving no issue, the real estate by the terms
of the deed reverted to the heirs-at-law of Samuel T. Math-
ews, and he recommended a decree accordingly. The chan-
cellor confirmed the report of the master, dismissed the
cross-bill and entered a decree for partition in accordance
with the prayer of the original bill. From that decree this
appeal was prosecuted.

The chancellor overruled exceptions to one of the an-
swers to the cross-bill alleging a custom in Morgan county
of using blank forms for deeds at the time the deed in
question was made and a custom of inserting any proviso
or conditional clause in the blank space following the de-

scription of the real estate, and also refused to strike out the evidence of a witness stating such customs. There was no ambiguity in the language of the deed, which has a settled legal meaning, and it could not be changed, explained or added to by oral evidence. (*Fowler* v. *Black,* 136 Ill. 363; *Butterfield* v. *Sawyer,* 187 id. 598.) The chancellor erred in ruling on the exceptions and in refusing to exclude the evidence, but if the conclusion reached was correct upon a construction of the deed as the only criterion of the grantor's intention, the error was harmless.

It is contended that under the rule in *Shelley's case* the deed invested Richard T. Mathews with a fee simple title notwithstanding the provision that if he should die without issue the land should revert to the grantor or his heirs. The deed does not come within the rule in *Shelley's case,* and it would make no difference in the decision of the case if it did. That rule applies only where an estate of freehold is limited by gift or conveyance to the ancestor and there is a limitation in the same gift or conveyance, by way of remainder, to his heirs. (*Johnson* v. *Buck,* 220 Ill. 226; *Miller* v. *Mowers,* 227 id. 392; *Smith* v. *Tucker,* 250 id. 50.) By virtue of the rule, a gift or conveyance within its terms vests the fee simple in the ancestor the same as if the estate had been limited to him and his heirs, but where such an estate is so limited he takes a fee simple regardless of the rule and there is nothing for it to operate on. It is true, as stated in *Johnson* v. *Buck, supra,* that in some cases where the same result was necessarily reached on other grounds the rule in *Shelley's case* was inadvertently applied, and some such cases are cited by appellants. One is *Wolfer* v. *Hemmer,* 144 Ill. 554, where the devise was to Angela Hemmer, her heirs and assigns, but the decision actually rested upon the unlimited discretionary powers of disposition by the devisee expressly given by the will, with which the limitation over was inconsistent. Another is *Davis* v. *Sturgeon,* 198 Ill. 520, where there was a convey-

ance to Jane E. Davis, her heirs and assigns, without any qualification whatever. There was no limitation over either in the granting clause or the *habendum,* and the mention of heirs, reversion and life estate in the grantee was in the description of the grantee. The court refused to concede that there was any language in the deed indicating an intention to convey to the grantee but a life estate in case she left no heirs, and if there was no such intention the decision was correct, regardless of the rule in *Shelley's case.* Two other cases cited are *Ewing* v. *Barnes,* 156 Ill. 61, where there was a devise to James C. Rucker and to his heirs and assigns forever, and *Silva* v. *Hopkinson,* 158 Ill. 386, where there was a devise to two children and their lawful heirs. The decisions in those cases not only applied the rule in *Shelley's case,* but were not in harmony with other decisions in holding that a fee cannot be limited upon a fee in a will by way of executory devise, and they were overruled in *Glover* v. *Condell,* 163 Ill. 566, and disregarded in *Johnson* v. *Buck, supra.*

If there had been a grant to Richard T. Mathews, his heirs and assigns, without limit or qualification, he would have taken a fee simple estate in the land, because those words are proper and effective to grant a fee. Counsel for appellants contend that there was a grant of a fee simple estate with a subsequent attempted limitation over after the fee was granted, and they invoke the rule that an estate cannot, by deed, be limited over to another after a fee already granted. A remainder cannot be limited to take effect after a fee simple for the reason that, a fee being the entire estate, there can be no remainder after it to be disposed of. Where a fee is granted there is no remainder to be transferred to another upon the happening of any contingency, and the rule applicable to a will is reversed in the case of a deed, so that the first of two repugnant clauses prevails. The portions of a deed operative to define and limit the estate are the granting clause and the

*habendum.* The office of the *habendum* is to limit and define the estate granted, and if there is repugnancy between the granting clause and the *habendum* the former must prevail. (*Smith* v. *Tucker, supra; Riggin* v. *Love,* 72 Ill. 553; 4 Kent's Com. 468.) Chancellor Kent there says that the *habendum* has degenerated into a mere useless form,—which is, perhaps, not exact in case of any ambiguity in a deed. The *habendum* in this deed is to the grantee, his heirs and assigns, but if the granting clause conveyed an estate less than an absolute fee simple and there was a possibility of reverter to the grantor and his heirs, the *habendum* is clearly repugnant to the granting clause and wholly ineffective. There is in this deed no limitation over to a third person upon the happening of the contingency mentioned, but by the granting clause a certain estate was granted and defined. The extent of the estate conveyed is mentioned in the deed only in the granting clause, which provides that the estate should be determined by the death of the grantee without issue. Whatever interest in the estate was not granted remained in the grantor and his heirs. (*Peterson* v. *Jackson,* 196 Ill. 40; *Pinkney* v. *Weaver,* 216 id. 185.) The rule that a fee cannot be mounted upon a fee by deed does not mean that it is impossible to grant an estate less than a fee simple by a deed. There is no magic in the word "heirs" which excludes the possibility of explaining or defining the estate granted. In *Miller* v. *Mowers, supra,* it was decided that a conveyance, by deed of grant, bargain and sale, to the grantee, her heirs and assigns, of certain lands during her natural lifetime, with the *habendum* to her heirs and assigns during h time, conveyed only a life estate. So, also, *Tucker, supra,* there was a warranty deed gain and sale to a grantee, his heirs and provision that the deed was only to rem and effect during the lifetime of the g

death it was to go back to her heirs. It was held that the estate conveyed was only for the life of the grantor.

A case much relied upon by counsel for appellants is *Palmer* v. *Cook,* 159 Ill. 300, where there was a deed in the statutory form without the use of the word "heirs," conveying premises to two grantees, with the provision that in case either of them should die without an heir her interest should revert to the survivor. It was held that the clause providing that the interest of either grantee who should die without an heir should revert to the survivor was inoperative. Section 13 of the Conveyance act provides that every estate in lands which shall be granted, conveyed or devised, although other words heretofore necessary to transfer an estate of inheritance be not added, shall be deemed a fee simple estate of inheritance, if a less estate be not limited by express words or does not appear to have been granted, conveyed or devised by construction or operation of law. There have been a number of cases, among which are *Saeger* v. *Bode,* 181 Ill. 514, and *Turner* v. *Hause,* 199 id. 464, where a part of that section, which was overlooked in *Palmer* v. *Cook,* was applied. In *Cover* v. *James,* 217 Ill. 309, the fact that section 13 of the Conveyance act excepts grants and devises where an estate less than a fee is limited had been so overlooked was noted, and in *Bauman* v. *Stoller,* 235 Ill. 480, it was held that the decision in *Palmer* v. *Cook* was in conflict with *Cover* v. *James* and that it should not be followed. The cases applying section 13 of the Conveyance act, of course, have no influence in the decision of this case, where the word "heirs" was used, but there may have been an implication those cases where the question was not involved, ord "heirs" is used it cannot be controlled by age. Manifestly, that cannot be true, since to wills and devises as well as to deeds uch a rule would prevent any limitation

or qualification of an estate, even in a will, if the word "heirs" or other words of inheritance are used. It is, as stated, true that section 13 does not apply where the word "heirs" is used. In the deed of Samuel T. Mathews a grant was made to Richard T. Mathews, which was liable to be determined and revert to the grantor or his heirs by the death of the grantee without issue, and we find no reason for refusing to uphold the grant as made.

The decree is affirmed.                  *Decree affirmed.*