(No. 11151.)

LUCY A. BENSON, Appellee, *vs.* S. S. TANNER *et al.* Appellants.

*Opinion filed February 21, 1917.*

WILLS—*when remainder after life estate is contingent and not a vested estate tail.* Where a will devises certain property to a devisee for "her natural life, remainder in fee simple to the heirs of her body," the remainder, being to the "heirs of her body," is not in fee simple, and is not in fee tail because said heirs are directed to take in fee simple, but such remainder is contingent, and a conveyance of the life estate by the life tenant to one who holds the reversion will destroy the contingent remainder and the grantee will take in fee simple. (*Ætna Life Ins. Co.* v. *Hoppin,* 249 Ill. 406, adhered to; *Butler* v. *Huestis,* 68 id. 594, distinguished.)

APPEAL from the Circuit Court of McLean county; the Hon. SAIN WELTY, Judge, presiding.

BRACKEN & YOUNG, W. B. LEACH, and T. W. HOOPES, for appellants.

BARRY & MORRISSEY, for appellee.

Mr. JUSTICE CARTER delivered the opinion of the court:

Appellee filed a bill in the circuit court of McLean county against appellants praying for the specific performance of a contract for the purchase of forty acres of land in said county. Appellants filed an answer, admitting all the facts set up in the bill but denying that appellee was able to give a fee simple title. A decree was entered in favor of appellee in accordance with the prayer of the bill. From that decree this appeal was taken.

The sole question presented here is whether or not appellee had a merchantable title to the premises in question. Her title was derived from the will of her aunt, Sarah Staubus, and the validity of appellants' objection to the title depends upon the construction that should be given to the third and fifth provisions of said will, which read:

"*Third*—I give, devise and bequeath to my niece, Lucy A. Benson, [here the property is described,] for and during her natural life, remainder in fee simple to the heirs of her body.

"*Fifth*—All the residue and remainder of my property not herein above bequeathed and devised I give, bequeath and devise to my brother, Moses F. Rowell, and my niece, Lucy A. Benson, share and share alike."

Lucy A. Benson is forty-eight years old, has never had any children and is unmarried. After the death of Sarah Staubus, Moses F. Rowell died testate, and all of his heirs and devisees, together with Lucy A. Benson, conveyed by warranty deed, on September 16, 1916, the remainder in fee of the premises to Homer R. Johnson. On the same date Lucy A. Benson by another warranty deed conveyed her life estate to said Johnson. Said Johnson and wife, on October 9, 1916, by special warranty deed conveyed said premises to Lucy A. Benson. Thereafter Lucy A. Benson contracted with appellants to convey to them a good, merchantable title to said premises in fee simple.

Counsel for appellants insist that under the authorities in this and other jurisdictions an estate tail was created by said third clause of the will. Counsel, however, practically concede in their brief, as they did in the oral argument before this court, that if the decision in *Ætna Life Ins. Co.* v. *Hoppin,* 249 Ill. 406, should control as to the construction of said third clause, then an estate tail was not thereby created and the remainder mentioned in said clause would be contingent and not vested, and the decree in this case would therefore be correct. Counsel, however, insist that the decision in the *Hoppin case, supra,* is not only against the weight of authority in other jurisdictions but is in conflict with certain decisions of this court made both before and after the decision in said *Hoppin case,* and, if not in conflict with such decisions, that the *Hoppin case* can and should be distinguished from the case here under consideration. We do

not agree with the arguments of counsel for appellants on any of these points. The deed under consideration in that case, after providing for a life estate in the husband and wife, further provided, "at the death of the survivor of them, to the heirs of the body of the said Sarah Hoppin, their heirs and assigns." The court there held that an estate in fee tail was not created, and said (p. 411) : "The grant here is of a life estate and the remainder is not granted to the heirs of the life tenant either in fee tail or fee simple. It is not in fee simple because it is not granted to the general heirs but to a restricted class; it is not in fee tail because the heirs to whom the estate is restricted take in fee simple." That same reasoning applies to the wording in the third clause of this will. This remainder is not in fee simple because it is granted to the "heirs of her body," and is not in fee tail because the heirs of the body to whom the estate is restricted take in fee simple. While the wording in the deed on this point in the *Hoppin case* is not identical with that of the will here, it is obvious that the construction contended for by counsel for appellants cannot be placed upon said third clause of the will without overruling the reasoning of that case. The conclusion reached in the *Hoppin case* on this point has never been questioned by any later decision of this court but has been quoted with approval more than once. In *Ætna Life Ins. Co.* v. *Hoppin,* 214 Fed. Rep. 928, the Federal court of appeals reached the same conclusion as to the proper construction of that same deed, holding that it did not create a fee tail and that the remainder thereby created was contingent and not vested.

We do not deem it necessary to discuss the numerous authorities from other jurisdictions cited by counsel for appellants. The decisions of this court, even though they may be in conflict on this question with the decisions in other States, must control here. Counsel, however, have argued this point at such length and with such earnestness

that we deem it proper to refer, briefly, to a few of the decisions in this State which they claim are in conflict.

In *Butler* v. *Huestis*, 68 Ill. 594, the will, after leaving a life estate to Altieri A. Huestis, gave and bequeathed "the reversion and fee thereof to the heirs of her body at and after her decease." It is insisted by counsel that the word "fee" as used in that will means the same as the words "in fee simple" in this will. We cannot see how any such construction can be placed upon that will. The words "reversion" and "fee," as therein used, plainly were used as synonymous, and were clearly intended to mean, and were construed by the opinion to mean, the same as "remainder." There is nothing in that will to indicate that the bodily heirs were to take such "reversion" or "remainder" in fee simple.

The cases of *Moore* v. *Reddel*, 259 Ill. 36, and *Kolmer* v. *Miles*, 270 id. 20, are also especially relied on by counsel for appellants. The wording of the deed in the *Moore case* and of the will in the *Kolmer case*, so far as affecting the question raised here, is distinguishable from the wording of the will in this case and that of the deed in the *Hoppin case*. The wording of the third clause of this will is such that the expression "heirs of her body" must be construed as words of purchase, and as such they do not indicate the heirs who are to take from generation to generation, but only the individuals who may be her heirs at her decease. The remainder must be contingent because it is limited to an event,—her death,—and before that event the heirs of her body cannot be ascertained. The remainder being contingent, the conveyance by the appellee of her life estate to Johnson, who at that time also held the title to the reversion, merged the life estate and the reversion and thus destroyed the contingent remainder. (*Bond* v. *Moore*, 236 Ill. 576; *Belding* v. *Parsons*, 258 id. 422; *Barr* v. *Gardner*, 259 id. 256; *Smith* v. *Chester*, 272 id. 428; *Blakeley* v. *Mansfield*, 274 id. 133.) Johnson by these deeds became the

absolute owner in fee simple of the property in question and conveyed the same by deed to appellee, Lucy A. Benson.

The decree properly ordered a specific performance of the contract in question. The decree of the circuit court will therefore be affirmed.                      *Decree affirmed.*