## George D. Greenough, Appellant, v. J. B. Peterson et al., Appellees.

### Gen. No. 8,479.

Opinion filed June 7, 1932.

WARD, WARD & SCHEINEMAN, for appellant.

McCALMONT, RAMSAY & LITTLE, for appellees.

MR. JUSTICE WOLFE delivered the opinion of the court.

On July 28, 1924, in the circuit court of Whiteside county, the appellant secured a judgment against J. B. Peterson, one of the appellees, for $4,653.81 and costs. A *fieri facias* on the judgment was returned by the sheriff of that county indorsed *"nulla bona."* The sheriff has been unable to serve succeeding similar executions on J. B. Peterson, he being a nonresident of this State. Said appellee is a son of Carrie B. Peterson. Carrie B. Peterson is one of the beneficiaries mentioned in the will of her father, John P. Bickert, deceased. The will was probated in the county court of Whiteside county on November 2, 1891.

Being of the opinion that the will gives to J. B. Peterson a vested interest in lands which were purchased by the executors under directions contained in the will, the appellant filed his bill in the circuit court of said county, praying that the court determine the interest of J. B. Peterson in the real estate and that the court order his interest therein sold by the master in chancery, subject to the interest of Carrie B. Peterson, to satisfy said judgment. J. B. Peterson, Carrie B. Peterson, and Frank A. Van Osdol, the sole executor of the will, and other appellees, Emmerson Peterson, Frank Peterson, the brothers, and Mary Ardapple, the sister of J. B. Peterson, were made parties defendants to the bill.

A general demurrer to the bill by the appellees was sustained on the ground that the will gives to J. B.

Peterson a contingent interest in the real estate. The bill was dismissed for want of equity. The only question submitted to this court is whether the will of John P. Bickert gives to J. B. Peterson a vested or a contingent interest in the said lands.

By the first paragraph of his will the testator gives and devises all of his real and personal estate to his executors, or their successors in office, to have and to hold the same to themselves for and upon certain uses and trusts. The clauses of the will contain directions to the executors which are designed to carry out the intention of the testator by means of the trust created by the will. By the first five clauses of the will the executors are directed to pay the debts of the testator; to give and deliver to Jennie A. Bickert, testator's widow, all household furniture and goods, the use of the homestead for life, and $1,000 in cash; to give to Carrie B. Peterson $1,000 in cash.

By the sixth clause the executors are "to convert all my remaining personal property into cash, and invest the same in good rentable farming real estate in Whiteside County, Illinois, as soon as the same can conveniently and prudently be done after my decease (and within five years after my death at most). It being my wish and direction to have all my remaining property invested in and kept in good rentable farming real estate in Whiteside County, Illinois, for and during the natural lives of my said wife and daughter."

The seventh clause is as follows: "to handle, control and invest, rent and care for all of my said remaining property for and during the term of my said wife and daughter's natural lives."

By the eighth clause the executors are directed to pay to the widow one-third of the net annual interest, rent and profits accruing from said remaining property during her lifetime, and the remaining two-thirds

thereof to pay to Carrie B. Peterson during her lifetime.

The ninth clause provides that in the event of the death of Jennie A. Bickert before the death of Carrie B. Peterson, then Carrie B. Peterson shall be given the homestead and the whole of the net income from said remaining property during her lifetime "and upon the death of my said daughter after the death of my said wife to divide and convey absolutely to the children of the body of my said daughter, Carrie B. Peterson, share and share alike all my said remaining property.

"Tenthly: In the event of the death of my said daughter before the death of my said wife, to give, pay and deliver to the children of the body of my said daughter or their guardian, share and share alike, during the remainder of the natural life of my said wife, two-thirds ($\frac{2}{3}$) of the net annual interest rent and profit, accruing on my said remaining property and upon the death of my said wife after the death of my said daughter to divide and convey absolutely to the children of the body of my said daughter Carrie B. Peterson share and share alike all my said remaining property.

"Eleventhly: Should there be, on the happening of the contingencies hereinbefore provided for a final division and conveyance of my said remaining property, no child, children or descendants of a child of my said daughter Carrie B. Peterson, then I direct that my Executors or their successors in office to divide and convey all my said remaining property to the heirs of my three brothers and my son-in-law Henry Peterson share and share alike each brother's heirs to have one-fourth ($\frac{1}{4}$) thereof share and share alike and my son-in-law Henry Peterson the other fourth, and should my said son-in-law Henry Peterson be dead then all of said remaining property to be divided and

conveyed share and share alike between the heirs of my three brothers.''

Excepting the rule in *Shelley's* case, there are no rules or reasons holding that an estate is contingent or vested, which are a fixed standard, that applied to the words of a will definitely determine the intention of the testator to say whether a devise or legacy is vested or contingent. It is proper to take into consideration the established rules for the construction of wills and determine whether they apply to the terms of the will under consideration, if the meaning of the will is uncertain owing to the language used by the testator; but such rules ''yield to the intention of the testator plainly expressed.'' *O'Hare v. Johnston,* 273 Ill. 458; *Walker v. Walker,* 283 Ill. 11.

We are of the opinion that the intention of the testator can be determined from the terms of his will as his intention is plainly expressed by the language of his will, and that such intention is not contrary to law.

The direction to the executors to invest the remaining property of the testator in real estate in Whiteside county is imperative. There is in a court of equity a conversion of such property into realty, and those taking under the will must take the property in the character impressed upon it by the testator. *Rankin v. Rankin,* 36 Ill. 293; *Haward v. Peavey,* 128 Ill. 430; *Burbach v. Burbach,* 217 Ill. 547; *Ford v. Ford,* 70 Wis. 19, 33 N. W. 188; *Ford v. Ford,* 80 Mich. 42, 44 N. W. 1057. The trust created by the will is an active one and is not executed by the Statute of Uses, Cahill's St. ch. 148, ¶ 36. *Harris v. Ferguy,* 207 Ill. 534.

By the ninth and tenth clauses the testator provides that the real estate, the legal title to which is in the trustees, should, upon the death of the survivors of Jennie A. Bickert and Carrie B. Peterson, be divided and conveyed to the children of the body of Carrie B. Peterson. Under these clauses, if standing alone, the

time of the division and conveyance being postponed for the benefit of the estate to provide an income for the widow and the daughter out of the real estate during their several lifetimes, the child or children of the body of Carrie B. Peterson, and the child or children of any or all deceased children of her body, if any, living at the time of the death of testator would take a vested equitable interest, or title, in the land. *Armstrong v. Barker,* 239 Ill. 389; *Walker v. Walker, supra;* Cahill's St. ch. 39, ¶ 11; section 11, ch. 39, Smith-Hurd R. S. 1931.

Effect must be given to all the clauses of the will to determine the intention of the testator. The terms of the 11th clause that, ''on the happening of the contingencies hereinbefore provided for a final division and conveyance of my said remaining property,'' mean that on the death of the survivor of Jennie A. Bickert and Carrie B. Peterson, is the time hereinbefore provided for a final division and conveyance of the said remaining property. This shows conclusively that the time of division and conveyance of the real estate is postponed until the death of both the widow and the daughter. There is no final gift over to the children of the body of Carrie B. Peterson by clauses 9 and 10 when the terms of those clauses giving the real estate, after the death of such survivor, to such children of the body, are read and construed with clause number 11. Nor is there by clauses numbers 9 and 10 an absolute and final gift of the profits and income of said real estate to said heirs of the body of Carrie B. Peterson. The interest or devise to the heirs of the body of Carrie B. Peterson is an executory interest and it is not invalid for the reason advanced by appellant that it limits a fee after a fee. *Johnson v. Buck,* 220 Ill. 226.

Clauses 9, 10 and 11 must be considered together to ascertain the intention of the testator when the remaining property is to vest, where the property is

given to a trustee and a division and conveyance are to be made in the future by the trustee. The right of the children of the body of Carrie B. Peterson to take under the will was subject to the control of the testator. By the 11th clause of his will it is clear that the testator fixed the time when those to take should be determined at the time of the expiration of the trust. Carrie B. Peterson being alive, it is uncertain who the persons mentioned in the 11th clause, "there be" at the time of the expiration of the trust. Assuming that any of the three brothers of the testator are alive, it is uncertain who the heirs of such living brother will be. The equitable estate in the remaining property of the testator is contingent, and not subject to the sale under process. *Spengler v. Kuhn,* 212 Ill. 186; *Benson v. Tanner,* 276 Ill. 594; *Northern Trust Co. v. Wheeler,* 345 Ill. 182; *DuBois v. Judy,* 291 Ill. 340.

The above construction of the will carries out the intention of the testator that at the time of the final division and conveyance of the real estate the real estate shall go to the children of the body of Carrie B. Peterson *in toto,* if all living, or by way of representation, to their surviving child or children, and not to the heirs of the children of her body. If the equitable interest in the real estate should be held vested in J. B. Peterson at the time of the death of the testator, then an heir, or heirs, of J. B. Peterson would inherit from him that interest although he died before the survivor of Jennie A. Bickert and Carrie B. Peterson, and although such heir or heirs were not a child or children of J. B. Peterson. This is not the intention of the testator as is quite clear from a reading of the clause number 11 of his will.

We are of the opinion that by clause number 11 the testator clearly expressed his intention that the real estate should not be conveyed or be vested until the termination of the trust.

*Judgment affirmed.*